## DAWSON & DAWSON, Adm'rs, vs. GODKINS.

If, in a suit on a promissory note, the statute of limitations is pleaded, and a new promise is proven, the statute which applies to the original demand is the statute which governs.

Dawson & Dawson, Adm'rs, vs. Godkins.

Assumpsit, in Greene Superior court.    Tried before Judge HARDEMAN, March Term, 1859.

This was an action of assumpsit, brought by James W. Godkins, as bearer, against George O. and Lucien W. Dawson, administrators of William C. Dawson, deceased, upon a promissory note made by deceased in his lifetime, dated 3d July, 1835, and payable one day after date to Grant & Hall, or bearer.    There was a count in the declaration on a new promise, alleged to have been made within six years from the commencement of the action.

The defendants plead payment, and the statute of limitations.    At the trial, plaintiff proved by James H. Hall that he, as the agent of Grant & Hall, presented the note to William C. Dawson for payment sometime in October or November, 1851; that Dawson said he believed the note had been paid off, but he would look over his receipt book and see; that he went up home and returned and promised to pay it.    Upon his cross-examination, in reply to the question whether he had not stated in the presence of Oliver P. Daniel, that the above acknowledgment or promise to pay was made in the fall of 1849 or 1850, witness answered that he had been entrapped, and probably had said some such thing, but that his present statement as to the time was the true and correct one.

Upon this testimony plaintiff tendered in evidence the note sued on, to the introduction of which defendants objected, on the ground that the same was, on its face, barred by the statute of limitations.    The objection was overruled, and the note read, and plaintiff closed.

The court charged the jury that if the action was brought within *six years* from the date or period of the new promise, (excluding the one year in which the administrators were exempt by law from suit,) then the statute is not a bar.    To which charge defendants excepted.    The jury found for the plaintiff; whereupon defend-

Dawson & Dawson, Adm'rs, vs. Godkins.

ants tendered their bill of exceptions, and assign as error the decision and charge above excepted to.

Geo. O. Dawson, for plaintiff in error.

Philip B. Robinson, contra.

*By the Court.*—McDonald, J., delivering the opinion.

It is insisted, on the part of the plaintiffs in error, that four years is the statute bar to an action on the promise relied on to remove the bar of the statute in this case; that the promise does not revive the original debt, but that that debt is simply a consideration for the new promise; and that the four years had expired, even adding the year during which the administrators were exempt from suit, before the action was brought, and that the note ought not to have been admitted in evidence. Even on the hypothesis of the counsel for the plaintiffs in error, the note was admissible to prove the consideration of the new promise; but his position is wrong, as was decided by this Court in the case of Beard et al. vs. Simmons, 9th Geo. Rep. 4. The suit in that case was on promissory notes. The statute of limitations was pleaded. The plaintiff proved promises to take the notes out of the statute of limitations, and the Court charged the jury that if a new promise was made at any time within six years next before the commencement of the action, it was good and binding, and should be enforced, and this Court sustained that charge. The Supreme Court of the United States, in the case of Clementson vs. Williams, 8 Cranch 72, held the same doctrine, the Chief-Justice saying that the statute of limitations, which applies to the original demand, is the statute which controls. The charge of the presiding Judge to the jury, in this case, that "if the action is brought within six years from the date or period of the

new promise, the statute is not a bar," is excepted to. This charge accords with the rule above laid down, and is the law of the case.

Judgment affirmed.