23133.   MILLIRONS *v.* BLUE.

DECIDED FEBRUARY 12, 1934.   REHEARING DENIED FEBRUARY 19, 1934.

*Gilmore & Cork,* for plaintiff.

*Ryals, Anderson & Anderson,* for defendant.

BROYLES, C. J.  The plaintiff brought a joint suit against Lavergue Blue and S. C. Rainey Jr. for damages on account of personal injuries. Her amended petition made out the following case: On August 19, 1932, at about 8 :30 p. m., the plaintiff was riding as a passenger in an automobile operated by her father. The car was being driven north on the Forsyth road, and was about eight miles from the city of Macon when the defendant Blue, driving a motor-car from the opposite direction, suddenly and negligently drove his car against the left rear part of the car in which the plaintiff was riding and which was being properly driven on the

extreme right side of the road. The force of the impact knocked her father's car out of control, in that the rear end was so damaged that the car could not be properly steered and could not be taken out of gear, and when it finally stopped it was on the extreme left side of the road in such a position that its rear was on the pavement and the car was headed north at an angle of about forty-five degrees with the paved road, the front wheels of the car resting in a small ditch, and the headlights of the car shining against a slight embankment. The plaintiff remained in the car, and about twenty minutes after the collision with Blue's car the defendant Rainey, driving another car northward at a speed greatly in excess of forty miles an hour, suddenly drove his car against the right rear end of the car in which the plaintiff was sitting. The force of that impact knocked the car occupied by the plaintiff about twenty-two feet southward and straightened its position in such a manner as to leave it headed north and parallel to the road. When Rainey drove his car against her father's car, all the lights of the latter car— the headlights, the tail light, and the dome light—were burning brightly, and another person in her father's car was loudly sounding the horn. The petition further alleged that on the night in question "it was raining, and between the times of the two collisions the plaintiff had no means of transportation to leave said parked automobile, without serious danger to her health, until some assistance could be obtained from Macon, eight miles away. Sufficient time did not elapse between the two collisions to allow the plaintiff to obtain help from this source, although she endeavored to obtain help from this source as soon as the first collision had occurred." The defendant Blue interposed a general demurrer to the amended petition which was sustained, and he was stricken as a party defendant; and to that judgment the plaintiff excepted.

The amended petition, properly construed (most strongly against the plaintiff), shows that all the injuries sued for were inflicted in the second collision—the collision with Rainey's car. It seems clear to us that the petition shows that the negligence of the defendant Blue was not the proximate cause of the plaintiff's injuries, and that her injuries were not the natural and probable consequences of Blue's negligence, but were caused by the intervening negligence of the defendant Rainey, a separate, independent agency, over which Blue had no control, and whose negligence and its

resulting damage could not have reasonably been anticipated or foreseen by him. See, in this connection, Civil Code (1910), §§ 4509, 4510; *Perry* v. *Central Railroad,* 66 *Ga.* 746 (4, 5); *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Andrews* v. *Kinsel,* 114 *Ga.* 390 (2) (40 S. E. 300, 88 Am. St. R. 25); *Shaw* v. *Mayor &c. of Macon,* 6 *Ga. App.* 306 (64 S. E. 1112); *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906); *City of Albany* v. *Brown,* 17 *Ga. App.* 707 (88 S. E. 215); *Morrison* v. *Columbus Transportation Co.,* 39 *Ga. App.* 708 (148 S. E. 276). Under the foregoing ruling the court properly sustained the defendant Blue's general demurrer to the amended petition and struck him as a party defendant. In view of this ruling it is unnecessary to pass upon the question whether the plaintiff by the exercise of ordinary care could have avoided the injuries sued for.

*Judgment affirmed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. I am unable to concur in the opinion by the majority of this court. The plaintiff, through no fault of her own, but by reason of the negligent conduct of Blue, was placed in a position of danger. Except for the alleged negligent conduct of Blue in the first place she would not have been subjected to the danger of being struck by another car by reason of being on the wrong side of the road. Under the allegations of the petition, it certainly becomes a matter for a jury to determine whether or not the defendant Blue's act was the proximate cause of the injury. Whether the plaintiff's conduct was, if negligent, the proximate cause of the injury would also be for determination by the jury. She was confronted with the danger of remaining in the car, which could not be removed until help could be obtained to move it, and which was likely to be struck by an oncoming car, or of getting out in the rain to seek shelter, which would have been dangerous to her health. If the plaintiff had accepted the last alternative and gotten out of the car in the rain and attempted to walk to shelter, and by reason of such conduct had contracted an illness, may it be said that the jury would not have been authorized in holding Blue responsible for such resultant injury, keeping in mind that the proximate cause is not necessarily the direct and immediate cause? *Dunbar* v. *Davis,* 32 *Ga. App.* 192 (122 S. E. 895). See *Georgia Ry. & Electric Co.* v. *McAllister,* 126 *Ga.* 447 (54 S. E. 957, 7 L. R. A. (N. S.) 1177). The plaintiff, by the negligence of Blue, was placed in a position to

choose between two courses of conduct. I do not think that he, being the person that brought about this condition of affairs, could complain that the choice she did exercise was not the wise or proper course, especially when it depended entirely on a matter of judgment. If it is doubtful that the defendant could so assign plaintiff's conduct as negligent, then certainly it would be for the jury to determine that question and to say whether it should be deemed the proximate cause of the injury. The petition further alleged that all the lights on the plaintiff's car were burning, although they did not shine in the direction from which the car of Rainey was coming. The horn was also being sounded, according to the allegations of the petition.

There is no subject more productive of legal discussion than is the doctrine of proximate cause. Reams have been written in reference thereto, and it will continue to challenge the minds of lawyers and of judges through the years. Proximate cause may not necessarily in juridic contemplation be sole or single nor immediate or direct. There may be other contributing causes which of themselves may be negligent or not negligent. Judge Powell, in *Atlantic Coast Line R. Co.* v. *Daniel,* 8 *Ga. App.* 775 (70 S. E. 203), said: "When a negligent act so operates upon a normal situation of prudently conducted activities as to produce through it an injury, which according to the laws of ordinary human probability, would not otherwise have happened, and no other wrongful act is found among the nearby activities which have joined in bringing about the injury, the negligent act may be regarded as the sole and proximate cause of the injury." Unquestionably, under the allegations of the petition, the alleged negligent act of Blue so upset the normal course of things that the injury, according to the law of ordinary human probability, would not have happened but for such conduct. The question arises whether Rainey can be considered as an independent, responsible agency, so as to relieve Blue of responsibility for his negligence. It is true that the allegations of the petition do show that Rainey was running in violation of the law as to speed when he ran into the car of plaintiff, but it is not shown that such negligent act was the proximate cause of the injury. The night was extremely dark; it was raining; therefore, even construing the petition most strongly against the pleader, which seems to be the basis of the majority opinion, it is most probable that the accident would

have occurred even had Rainey been obeying the law as to speed. If this be so, that is, that his act was not the proximate cause of the plaintiff's injuries, he could not be considered as an independent negligent agent that broke the connection between Blue's negligence and the injury. It can not be doubted that, if, at the time of the alleged striking of the car in which plaintiff was riding, by the defendant Blue, the car of Rainey immediately struck the plaintiff's car by reason of its being knocked suddenly in his path, this court would have no authority to declare on demurrer that Blue's negligent act was not the proximate cause of the injury. "It is only where it clearly appears from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon general demurrer as a matter of law so determine." *Larkin* v. *Andrews, 27 Ga. App.* 685 (109 S. E. 518). If, after the occurrence of the original wrong caused by the alleged negligence of Blue, a new and independent cause has intervened, sufficient of itself to stand as the cause of the misfortune, the alleged negligence of Blue must be considered as too remote; "still if the character of the intervening act claimed to break the connection between the original wrong and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended or foreseen by the original wrongdoer, the causal connection is not broken and the original wrongdoer is responsible for the consequences resulting from the intervening act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) ; *Rome Ry. & Light Co.* v. *Jones, 33 Ga. App.* 617 (127 S. E. 786) ; *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (106 S. E. 738). The most generally accepted theory of causation is natural and probable consequences. Certainly where one knocks the car of another on the wrong side of the road by his negligence, at night, when it is raining, the most natural and probable consequence which he should anticipate would be the extreme probability that another car, proceeding on the right-hand side of the road, would collide with the plaintiff's car. While his negligence or the results thereof were still in existence he was liable for all the natural and reasonable consequences thereof. Where there are reasonable grounds for different minds to disagree as to the proximate cause of an injury, this court and the Supreme Court have said that it should be left to the jury. I, therefore, am of the opinion that it should be so done in this case.

ON MOTION FOR REHEARING.

BROYLES, C. J. The motion for rehearing makes the following observation: "The court has probably overlooked a material fact in the record, to wit: that S. C. Rainey was proceeding southward along the Forsyth road, instead of northward as stated on the second page of the opinion (see brief for plaintiff in error, p. 2, lines 6 and 20; brief for defendant in error, p. 33; petition, par. 12)." In paragraph 9 of the petition it was alleged that Rainey was "driving an automobile from Macon toward Atlanta, Georgia." That allegation certainly authorized the statement in the opinion of this court that Rainey was driving his car northward. Courts look to the record, and not to the briefs of counsel, for the facts of a case. However, under all the other facts of the case, even if the petition had shown that Rainey's car was being driven southward, that fact would not have changed our decision. The authorities cited in the motion for a rehearing were not overlooked by the court.

*Motion denied. MacIntyre, J., concurs. Guerry, J., dissents.*