26626. HORTON *v.* SANCHEZ.

Decided February 5, 1938. Rehearing denied March 23, 1938.

614

*R. C. Whitman,* for plaintiff.

*Harris, Harris, Russell & Weaver,* for defendant.

SUTTON, J.   Whether or not the defendant was negligent in stopping or "parking" his automobile as alleged in the petition or in any other respect and whether the plaintiff was negligent are questions not necessary to a determination of the present case, because it clearly appears that the proximate and sole cause of the plaintiff's injury was the act of a third party, one Califf, who drove his automobile to the right of the defendant's car with resulting damages to the plaintiff.   The Code, § 68-303 (d), provides: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken: Provided, that the way ahead is clear of approaching traffic."   There is no allegation of facts in the petition which negative the ability of Califf to have observed these requirements of the statute.   The petition alleged that an emergency existed by reason of the sudden stopping of the defendant's car in the middle of and across the highway without giving any warning to those driving cars directly behind the defendant's car or on its side, thus making it "practically impossible" for the operator of a car in "close proximity" to the side or rear of the defendant's car to avoid a collision.   It further alleged that such act of the defendant caused the car of Califf to run into the defendant's car and to injure the plaintiff.   But it will be observed that it is not alleged that Califf's car was in "close proximity" to the defendant's car.   It is alleged only that the sudden stopping of the defendant's car caused the third party's car to be run into it.   How close Califf's car was to the defendant's car when the latter suddenly stopped in the middle of the highway

is left to conjecture; nor are we apprised of the rate of speed at which Califf's car was traveling. The petition contains, as to those considerations, only the pleader's conclusion as to the cause of the collision, without setting forth any supporting allegations of facts. As was held in *Jones* v. *Ezell*, 134 *Ga.* 553 (5) (68 S. E. 303) : "General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." And, as was said in the opinion in that case, they are not sufficient even against a general demurrer. See also *Harper* v. *Lindsey*, 162 *Ga.* 44, 47 (132 S. E. 639); *Weimer* v. *Savannah Union Station Co.*, 18 *Ga. App.* 570, 572 (90 S. E. 84). Eliminating from consideration the general allegation, a mere conclusion, that the act of the defendant caused the third party to run into the defendant's car and to injure the plaintiff, it is not made to appear that the third party could not, even under the alleged emergency, have avoided the consequences of the defendant's act by passing to the left of his automobile. Not to so pass to the left of the automobile was negligence per se, and no issue is made for a jury in that respect.

It is true, as contended by counsel for the plaintiff in error, that a tortious act *may* have several consequences, concurrent or successive, for all of which the first tort-feasor is responsible. But it is also true that the concurrent or successive act may not be one for which the original tort-feasor is responsible. In *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (3) (59 S. E. 442) it was held: "The juridical or proximate cause of an injury is not necessarily the sole cause. The fact that, with the negligence of the defendant, conduct of the person injured or of a third party concurred, does not necessarily render the injury a remote consequence of such negligence." Headnote 3 (*a*) reads: "'Although an act of the plaintiff himself, intervening between the defendant's wrong and the injuries suffered, has concurred in producing the damages for which a recovery is sought, the defendant is not thereby excused, *if such intervening act was the natural result of, or was naturally and reasonably induced by the antecedent act of the defendant.* And the rule is the same where, though the plaintiff's act may not in strictness have been caused or induced by the defendant's act or omission, yet the latter caused or created a negligent and

618

dangerous condition, upon which the plaintiff's act, *harmless and innocent in itself, and of a nature which might have been anticipated,* operated to produce the injuries received.'" (Italics ours.) It will be observed that where the first tort-feasor may be held liable, notwithstanding the intervening act, the act of the plaintiff or of a third person must be "harmless and innocent in itself and of a nature which might have been anticipated." In the present case no allegation of fact shows that the act of the defendant, whether negligent or not, induced the third party to run into the defendant's car or to injure the plaintiff. Obviously, if the third party could have avoided his act, then what he did was not induced by the defendant, but resulted from his violation of a statute requiring him to turn to the left of the defendant's automobile, an act which could not be described as "harmless and innocent in itself."

Indeed, the petition shows the act of the third party to be the sole and proximate cause of the plaintiff's injury. An excellent statement of the rule of proximate cause is to be found in *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) : "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." See also, *Hardwick* v. *Figgers*, 26 *Ga. App.* 494· (106 S. E. 738). Tested by this rule, the act of the defendant, whether negligent or not, could not have been the proximate cause of the injury. The intervening negligent act of the third party, Califf, was the actual, immediate, and proximate cause. His act broke the connection, if any there was, between the original act of the defendant and the injury to the plaintiff. It certainly could not be said that the defendant, Dr. Sanchez, could reasonably have anticipated that Califf, in approaching from the rear, with no oncoming cars or traffic to prevent his turning to the left, would have elected to

violate the plain provisions of the statute and attempt to pass to the right of the defendant's car. ·

In *Millirons* v. *Blue,* 48 *Ga. App.* 483 (173 S. E. 443), the plaintiff was driving an automobile north on the Forsyth, Georgia, road, and was about eight miles from the City of Macon, Georgia, "when the defendant Blue, driving a motor-car from the opposite direction, suddenly and negligently drove his car against the left rear part of the car in which the plaintiff was riding and which was being properly driven on the extreme right side of the road. The force of the impact knocked her father's car out of control, in that the rear end was so damaged that the car could not be properly steered and could not be taken out of gear, and when it finally stopped it was on the extreme left side of the road in such a position that its rear was on the pavement and the car was headed north at an angle of about forty-five degrees with the paved road, the front wheels of the car resting in a small ditch, and the headlights of the car shining against a slight embankment. The plaintiff remained in the car, and about twenty minutes after the collision with Blue's car the defendant Rainey, driving another car northward at a speed greatly in excess of forty miles an hour, suddenly drove his car against the right rear end of the car in which the plaintiff was sitting. The force of that impact knocked the car occupied by the plaintiff about twenty-two feet southward and straightened its position in such a manner as to leave it headed north and parallel to the road. When Rainey drove his car against her father's car, all the lights of the latter car—the headlights, the tail light, and the dome light—were burning brightly, and another person in her father's car was loudly sounding the horn." The defendant Blue filed a general demurrer to the petition, which was sustained, and he was stricken as a party defendant. This court held that the petition showed that the negligence of the defendant Blue was not the proximate cause of the plaintiff's injuries, but that they were caused by the intervening negligence of the defendant Rainey, a separate, independent agency, over which Blue had no control, and that Rainey's act could not have been reasonably anticipated or foreseen by him. Accordingly, the judgment of the trial court was affirmed. That case is authority for holding, as we do here, that under the allegations of the petition no cause of action was set forth against the defendant Sanchez.

620

We are cited by counsel for the plaintiff to *Houston* v. *Taylor,* 50 *Ga. App.* 811 (179 S. E. 207), which we think is plainly distinguishable. It was there alleged that the defendant suddenly stopped his car on a hill and in the path of traffic moving in both directions on a crowded city thoroughfare and extended to a child on a nearby sidewalk an invitation to enter his car. After running from the sidewalk, but before he could enter the car, the child was struck by an automobile which was, according to the petition, immediately behind the car of the defendant. In the emergency created by the defendant the driver of the car *immediately behind* him was faced with the alternative of striking the child on the right of the defendant's car or of encountering other vehicles which were approaching on the other side from the opposite direction. That was a situation where he did not have time for thoughtful deliberation and the exercise of his best judgment, and where the defendant might reasonably have foreseen that what did happen would happen. "A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances." *Pacetti* v. *Central of Georgia Railway Co.,* 6 *Ga. App.* 97, 102 (64 S. E. 302); *Brown* v. *Savannah Electric & Power Co.,* 46 *Ga. App.* 393, 399 (167 S. E. 773), and cit. In the *Houston* case, supra, the situation was such that the defendant might reasonably have anticipated the dilemma in which the car behind him might be placed by the sudden stopping of his car under the circumstances recited, and is distinguishable from the present case.

All other cases cited by the plaintiff in error have been carefully considered, but none requires a holding different from that here made. It is earnestly contended by the plaintiff in error that the question of proximate cause should have been referred to a jury. Generally that question, like the question of negligence, is one for a jury; but where the allegations of the petition, as here, clearly show that the proximate cause of the injury to the plaintiff was the negligent act of a third person, rather than the act of the defendant, whether negligent or not, the question must be decided by the court as a matter of law. A proper construction of the petition in the present case requires a holding that the proximate

cause of the plaintiff's injury was the negligent, intervening act of the third party, Califf, and not that of the defendant, Dr. Sanchez. Accordingly, the judgment sustaining the general demurrer must be

*Affirmed. Stephens, P. J., concurs. Felton, J., concurs in the judgment.*