27908.   BOZEMAN v. BLUE'S TRUCK LINE INC. et al.

DECIDED JANUARY 31, 1940.   REHEARING DENIED MARCH 6, 1940.

Morris & Welsch, for plaintiff.

Blair & Gardner, George D. Anderson, for defendants.

FELTON, J.   Mrs. Eleanor Bozeman sued Blue's Truck Line Inc. and N. G. Simmons, for damages from personal injuries alleged to have been caused by concurrent negligent acts of the defendants. The general demurrer was sustained as to Blue's Truck Line Inc., and the action was dismissed as to that defendant; to which judgment the plaintiff excepted. The petition alleged substantially, that on December 22, 1938, before 5 a. m., a truck and trailer belonging to and operated by the defendant was parked on the Dixie Highway, a State-aid road, in Cobb County, within about one to two feet of the right of the center line of said highway; that the truck and trailer were headed north; that there were no lights on

the front and rear of the truck and trailer, and no flares were put out or person left in charge to warn people of its location; that on that date an automobile in which plaintiff was riding was traveling south toward Atlanta; that when it reached a point within a few feet of the truck and trailer, and while it was on the right side of the center line of the highway in the direction in which it was traveling, N. G. Simmons, traveling north, attempted to pass the truck and trailer to its left, and drove his car to the left of the truck and trailer and immediately in front of the car in which the plaintiff was riding; that this was done without any warning to her or the person driving the car in which she was riding; that Simmons was operating his car about forty miles per hour while the car in which the plaintiff was riding was traveling about thirty-five miles per hour; that this action created an emergency, and placed her and the occupants of the car in which she was riding in imminent danger; and that the car in which she was riding was forced into a ditch and ran into an electric-light pole, injuring her as set forth in the petition. The petition alleged facts sufficient to show that the parking of the truck and trailer constituted a violation of the law; and that as a matter of law the accident was not caused solely by the negligence of the driver of the car in which she was riding.

The question to be decided is whether the court correctly sustained the general demurrer of Blue's Truck Line Inc. Where two concurrent acts of negligence combine directly and naturally to produce an injury, the tort-feasors are liable and can be sued jointly or separately for the entire damage. We can eliminate from our consideration situations involving two acts of negligence which are operating and active at the time of the injury. In a situation where there is an act of negligence which is *not operating* and *active* at the time of another which follows, which latter act is caused by a breach of duty which the party guilty of the latter act of negligence owed to the injured party, the law will regard the latter act of negligence as the superseding cause, and will not look beyond it to the first act, unless the person guilty of the first act of negligence could reasonably have anticipated that the second or intervening act might, not improbably but in the natural and ordinary course of things, follow his act of negligence, or, "if the misconduct is of such a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some

subsequent cause." 1 Cooley on Torts, 132, 135, § 52; Restatement of the Law of Torts, 1199, § 448; *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). It will be observed that the act of parking within eight feet of the center line of the highway, under the allegations of the petition, was in violation of a penal statute of this State. The act of Simmons passing the truck in the face of plaintiff's oncoming car was also a violation of a penal statute. Under the allegations these acts were negligence per se. The important question in this case is whether the alleged parking of the truck was negligence *as to the plaintiff*. It is our opinion that the legislature, in making it a crime to park on the highway within eight feet of the center line enacted the law for the benefit of all persons who might *meet* or *follow* the parked vehicle, and its purpose was to avoid collisions by persons coming from behind the parked vehicle and those meeting it. We thus conclude that the illegal parking was negligence as to the plaintiff, which necessarily means that as a matter of law the driver of the truck was bound to anticipate that another might attempt to pass the parked truck from behind and injure one approaching from the front. "The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if: (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and (b) the interest invaded is one which the enactment is intended to protect; and (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interest results from the hazard; and (d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action." Restatement of the Law of Torts, 752, § 286.

Under the allegations of the petition it is obvious that the parking of the truck in the highway was a contributing cause of the injury. Blue's Truck Line Inc. can not be relieved of liability on the theory that the negligence of Simmons was the sole proximate cause of the injury. The contribution of the parked truck to the injury can not be escaped. The question here is not whether the act complained of contributed to the injury. The question is whether the act of the contributor is negligent so as to render the actor liable in damages. Since the parking was negligence as to the

plaintiff it is immaterial that the injury occurred in a way which might not have been anticipated. 1 Cooley on Torts, 140. The petition does not show on its face that the plaintiff could have avoided the consequences of the negligence of the defendants. One is not required to exercise the caution, discretion, and judgment of an ordinarily prudent person when an emergency exists. Actions in such cases are often devoid of judgment and reason, and actuated wholly by reflexes. *Sullivan* v. *Morris,* 50 *Ga. App.* 394 (178 S. E. 324). In dismissing the case as to Blue's Truck Line Inc. the judge cited *Cain* v. *Georgia Power Co.,* 53 *Ga. App.* 483 (186 S. E. 229), and *Barnwell* v. *Solomon,* 59 *Ga. App.* 507 (1 S. E. 2d, 463). The *Cain* case is clearly distinguishable, for the reason that the negligence of the driver of the automobile was in no way set in motion by the act of the defendant power company. In other words, the driver of the power company bus was not charged with the duty of anticipating the negligence of the driver of the automobile. The case would have been different if the illegal parking had induced or invited the negligence of the automobile driver in the natural course of events, and if the ordinances had been passed for the protection of the injured person. The same applies to the *Barnwell* case, where it was simply held that the ordinance was not passed for the benefit of a woman sitting on the porch of a house, and that the driver of the truck was not charged with anticipating an injury to that person resulting from such illegal parking. The decision in *Millirons* v. *Blue,* 48 *Ga. App.* 483 (173 S. E. 443), was predicated on the theory that the negligence of the second guilty party could not reasonably have been anticipated or foreseen by the party guilty of the first act of negligence. The same is true of *Horton* v. *Sanchez,* 57 *Ga. App.* 612 (195 S. E. 873), in which the writer did not concur in the reasoning on which the decision is based. The effect of the decision in *Shaw* v. *Macon,* 6 *Ga. App.* 306 (64 S. E. 1102) is that the act of the city in permitting the street to be blocked was not negligence as to the plaintiff under the circumstances, because the negligence of another tort-feasor was not foreseeable. The principle that one tort-feasor will not be liable where the injury sustained is caused by an independent criminal act of a third person which is the direct and proximate cause of the damage (*Andrews* v. *Kinsel,* 114 *Ga.* 390 (2), 40 S. E. 300, 88 Am. St. R. 25), so far as we have been able to ascertain,

refers to deliberate acts which are mala per se. It does not contemplate an act which may be found to be due to negligence, although it may be malum prohibitum. The reason is that one is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule, and one tort-feasor can not escape his own liability by simply showing that another has been guilty of a crime malum prohibitum, when he himself has been guilty of a similar crime.

The defendant strongly urges that there is little or no difference between the situation created by a parked truck and one created by a truck moving at a slow rate, say two or three miles per hour. We realize the force of this argument. We know that there is little practical difference. There is, however, a great legal difference. A slowly moving vehicle could be a concurrent cause of an injury, and still its operator might not be liable in damages therefor, because as a matter of fact and law he was not negligent as to the party injured, having a common-law and statutory right to do exactly what he was doing. If a statute declared such slow operation of the truck to be a crime, and its purpose was to protect a class to which the injured party belonged, then the person operating the truck slowly would be liable. The question is not whether the legislature has acted wisely in declaring such parking as we have in this case a crime. It has so declared, and such a declaration renders any one liable for the natural and probable consequences of such an infraction of the law when it causes injury. Under the allegations of the petition the act of Blue's Truck Line Inc. was negligence as to the plaintiff, and was a concurrent contributing cause of the injury. It was error to sustain demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*