### 31436. SOUTHEASTERN STAGES *v.* ABDELLA.

DECIDED FEBRUARY 7, 1947. ADHERED TO ON REHEARING MARCH 8, 28, 1947.

40

*Andrews & Nall, Stanley P. Meyerson,* for plaintiff in error.

*Garland & Hall, Douglas, Evans & Cole, Samuel D. Hewlett,* contra.

GARDNER, J. Under the allegations of the petition insofar

as the bus company is concerned, we may concede for the sake of argument that the bus company was in some respects negligent, still the bus company would not be liable on the principle of law that the sole proximate cause of the alleged injury was the acts of a superseding, intervening responsible agency—in the instant case the intervening negligence of a third party. We will not go into any extended discussion of a superseding proximate cause of negligence. We think that the decision in *Horton* v. *Sanchez, 57 Ga. App.* 612 (195 S. E. 873) by a full bench, fully covers the question under discussion here. In that case Judge Sutton, speaking for the court said: "Indeed, the petition shows the act of the third party to be the sole and proximate cause of the plaintiff's injury . . the act of the defendant, whether negligent or not, could not have been the proximate cause of the injury. The intervening negligent act of the third party, Califf, was the actual, immediate and proximate cause. His act broke the connection, if any there was, between the original act of the defendant and the injury to the plaintiff. It certainly could not be said that the defendant, Dr. Sanchez, could reasonably have anticipated that Califf (3rd party), in approaching from the rear, with no oncoming cars or traffic to prevent his turning to the left, would have elected to violate the plain provisions of the statute and attempt to pass to the right of the defendant's car. . . It is earnestly contended by the plaintiff in error that the question of proximate cause should have been referred to a jury. Generally, that question, like the question of negligence, is one for a jury; but where the allegations of the petition, as here, clearly show that the proximate cause of the injury to the plaintiff was the negligent act of a third person, rather than the act of the defendant, whether negligent or not, the question must be decided by the court as a matter of law. A proper construction of the petition in the present case requires a holding that the proximate cause of the plaintiff's injury was the negligent, intervening act of the third party, Califf, and not that of the defendant, Dr. Sanchez. Accordingly, the judgment sustaining the general demurrer must be affirmed." The case of *Bozeman* v. *Blue's Truck Line, 62 Ga. App.* 7 (7 S. E. 2d, 412), cited by counsel for the plaintiff, and no other decision cited by the plaintiff, is authority to the contrary.

As to the bus company, there is no allegation of any negligent

act which was a proximate cause of the plaintiff's alleged injury. As to whether the acts of the plaintiff, as shown by the petition, in any way contributed to his alleged injury as between him and the taxicab company, is a jury question.

We think the court erred in overruling the demurrer of the bus company.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*