33857. PEGGY ANN OF GEORGIA INC. *v.* SCOGGINS *et al.*

DECIDED APRIL 11, 1952—REHEARING DENIED MAY 9, 1952.

114

*T. J. Long*, for plaintiff in error.

*Jefferson L. Davis, J. R. Cullens, Gambrell, Harlan & Barwick, James C. Hill*, contra.

WORRILL, J. (After stating the foregoing facts.) Under the allegations of the petition as amended, the deceased was clearly an invitee of Peggy Ann of Georgia Inc. who owed to her the duty of exercising ordinary care. Code, § 105-401. The defendant in error further relies upon the principle of law stated in *Atlantic Coast Line R. Co.* v. *Ouzts*, 82 *Ga. App.* 36 (60 S. E. 2d, 770), that "It is a well-settled principle of law that where two concurrent causes operate directly in bringing about an injury, there can be a recovery against one or both of the responsible parties. The mere fact that the injury would not have been sustained had only one of the acts of negligence occurred will not of itself operate to define and limit the other act as constituting the proximate cause, for if both acts of negligence contributed directly and concurrently in bringing about the injury, they together will constitute the proximate cause." However, "The most generally accepted theory of causation is that of natural and probable consequences; and in order to hold the defendant liable, the evidence must show either that the act of the defendant complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably

been anticipated or foreseen by the original wrong-doer." *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (5) (148 S. E. 535) ; *Williams* v. *Grier,* 196 *Ga.* 327, 337 (26 S. E. 2d, 698). While one may be guilty of negligence, he is not liable if the intervening act of another must be said to be the sole proximate cause. The rule is well stated in what is perhaps the leading case in Georgia on this subject (*Southern Railway Co.* v. *Webb,* 116 *Ga.* 152, 42 S. E. 395, 59 L. R. A. 109): "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." In *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7, 8 (7 S. E. 2d, 412), it was said: "In a situation where there is an act of negligence which is *not operating* and *active* at the time of another which follows, which latter act is caused by a breach of duty which the party guilty of the latter act of negligence owed to the injured party, the law will regard the latter act of negligence as the superseding cause, and will not look beyond it to the first act, unless the person guilty of the first act of negligence could reasonably have anticipated that the second or intervening act might, not improbably but in the natural and ordinary course of things, follow his act of negligence, or 'if the misconduct is of such a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some subsequent cause.' (Citing.)" In *Seymour* v. *City of Elberton,* 67 *Ga. App.* 426, 432 (20 S. E. 2d, 767), quoting from several authorities as to the extent to which a wrongdoer is bound to anticipate the consequences of his act, it was said: "In Bird *v.* St. Paul Fire Ins. Co., 224 N. Y. 47 (120 N. E. 86, 13 A. L. R. 875), Judge Cardozo said: 'The wrong-doer may be charged with those consequences and those only within the range of prudent foresight.' In Fowlkes *v.* Southern Ry. Co., 96 Va.

742, 745 (32 S. E. 464), the court held: 'Even if an injury has resulted in consequence of a certain wrongful act or omission, but only through or by means of some intervening cause, from which last cause the injury followed as a direct and immediate consequence, the law will refer the damage to the last or proximate cause, and refuse to trace it to that which was more remote.' In Milwaukee & St. Paul R. Co. *v.* Kellogg, 94 U. S. 469, 474 (24 L. ed. 256), the court said: 'But it is generally held that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances.' 22 R. C. L. 124. 'It has been held in many cases that a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again. A man's responsibility for his negligence must end somewhere. As has been well said: "One is bound to anticipate and provide against what usually happens and what is likely to happen; *but it would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable." ' " See also *Powell* v. *Waters,* 55 *Ga. App.* 307 (190 S. E. 615).

Applying these principles of law to the facts of the present case, what do we find? The petition as amended contains allegations that the negligence of Peggy Ann of Georgia Inc. concurred with that of the bus company in producing the injury and death of Mrs. Scoggins, but in our opinion this conclusion is not borne out by the facts, which show, on the contrary, that the sole proximate cause of the homicide was the negligence of the bus company in using and parking through its driver a bus with defective brakes on the incline described in the petition. It is clear from the petition that, upon stopping the bus on the alleged dangerous premises of Peggy Ann of Georgia Inc., the

driver immediately left it and "departed," leaving the bus unattended and with Mrs. Scoggins in it. It is not shown that he went into the building maintained by Peggy Ann of Georgia Inc. for the sale of food, bus tickets, etc., or notified any person of authority with that defendant as to the presence of the bus or that it was observed or ought to have been observed by Peggy Ann of Georgia Inc. It appears that Mrs. Scoggins jumped from the bus at the direction of the driver as it was rolling down the incline, but where he then was is not made clear. It is alleged that the brakes on the bus were in a defective condition, in that they would not and did not operate with sufficient effectiveness to hold the bus in a firm standing position while it was parked on the incline; and that the defective condition of the brakes was concealed and invisible to Mrs. Scoggins, and that she did not know and could not have known of such defective condition of the brakes by the exercise of ordinary care. It was alleged that the bus company was negligent in permitting the bus to be operated while its brakes were in a defective condition, and that the driver was negligent in stopping the bus and parking it in a place where the brakes, *while in a defective condition,* would not hold the bus in a firm standing position while loaded with fare-paying passengers, including Mrs. Scoggins. Negligence was also alleged against Peggy Ann of Georgia Inc. as hereinbefore set out; but, construing the petition as amended most strongly against the pleader, as must be done on general demurrer, it must be taken as showing that the bus rolled backward down the incline only because of the defective brakes, and that, if they had been efficient, the injury and death of Mrs. Scoggins would not have occurred. It was alleged that "scotch blocks" were furnished Peggy Ann of Georgia Inc. to scotch the wheels of incoming buses, and that they were maintained on the premises of such defendant, and that it was negligent in not using them on the bus here involved. However, it is not alleged that such defendant accepted them with any responsibility to use them in all events, or that it maintained them for its use rather than the use of the bus company. Of course, if these "scotch blocks" were the only means, which is not alleged, by which a bus with *efficient* brakes could have been kept in a "firm standing position," the defendant, under its invitation for buses

to enter upon the premises with proper brakes, would have been under the duty to use them. Since, however, the petition as amended must be construed to mean that the bus would not roll backward if the brakes had been efficient, Peggy Ann of Georgia Inc. can not be said to have been negligent in not using them or an equally efficient device in the present instance, in the absence of any notice of the presence of the bus with defective brakes. The defendant had the right to presume that the bus company and its driver would do their duty in maintaining efficient brakes on the bus, and the defendant was not under any duty to anticipate that the bus would be operated and parked with defective brakes. Furthermore, it was alleged that the defect in the brakes was concealed and invisible to Mrs. Scoggins, and inferentially it was likewise concealed and invisible to others. The petition as amended shows that the injury and death of Mrs. Scoggins was brought about solely and proximately by the negligence of the bus company and its driver, and the court erred in overruling the general demurrer of Peggy Ann of Georgia Inc. See *Atlanta, B. & C. R. Co.* v. *Mullis*, 43 *Ga. App.* 692 (159 S. E. 893).

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*