35192. LIBERTY HOMES, INC. *v.* STRATTON *et al.*

DECIDED SEPTEMBER 27, 1954.

*Neville & Neville, Oliver, Oliver & Davis,* for plaintiff in error.
*Ronald F. Adams, Walker D. Burke, Pierce & Ranitz,* contra.

Felton, C. J.  The mere fact that the installation of the gas line to the kitchen was performed by an unlicensed person did

not render the defendant Liberty Homes, Inc., negligent. *Flint Explosive Co.* v. *Edwards,* 84 *Ga. App.* 376, 391 (4) (66 S. E. 2d 368), and cases cited.

Assuming for the sake of argument that the defendant Liberty Homes, Inc., was negligent in the other respects alleged, we think that the negligence alleged against the gas company was an intervening efficient cause and was the sole proximate cause of the damages. The petition, properly construed, shows that the gas company turned on the gas without a request from or notice to either the plaintiff or the defendant landlord. While in the specifications of negligence as to the landlord the plaintiff alleges that it was negligent in permitting an agent of the gas company to turn the gas on without first notifying the plaintiff and was negligent in failing to warn the plaintiff that the gas had been turned on, etc., nowhere in the petition is it alleged that the landlord requested that the gas be turned on or had notice that it was to be turned on, and the allegations in the specifications are insufficient to charge the landlord with having made such a request or with having such notice.

A company which produces and furnishes gas is bound to use such skill and diligence in its operations as is proportionate to the delicacy, difficulty, and nature of that particular business. *Chisholm* v. *Atlanta Gas Light Co.,* 57 *Ga.* 28 (1); *Christo* v. *Macon Gas Co.,* 18 *Ga. App.* 454 (89 S. E. 532). We do not believe that the defendant Liberty Homes, Inc., could have reasonably foreseen that the gas company, charged with such a duty, would, without the request of or notice to either the landlord or tenant, turn on the gas in the negligent manner alleged. See *Peggy Ann of Georgia* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89); *Wright Contracting Co.* v. *Waller,* 89 *Ga. App.* 827 (1b) (81 S. E. 2d 541).

The court erred in overruling the general demurrer of the defendant Liberty Homes, Inc.

*Judgment reversed. Quillian and Nichols, JJ., concur.*