43978. JACKSON v. BROWN.

Submitted October 8, 1968—Decided October 25, 1968.

*Lawson E. Thompson,* for appellant.
*Robert E. Knox,* for appellee.

Hall, Judge. The issue is whether the period of limitation for bringing the action was four or six years. *Code* § 3-705 provides: "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." *Code* § 3-706 provides: "All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued."

The earliest decision that we have found on the period of limi-

tation for an action based on a written acknowledgment of an account is *Hicks & Lord v. Thomas,* 1 Dud. (Ga.) 218, which held that an action based on an acknowledgment of an open account by letter "was not barred, as by the Act of 1809" (*Code* § 3-706) and was not barred until the expiration of six years.

The Georgia Code of 1863 included the statute of limitation contained in § 3-706 of the Code of 1933, supra (the Act of 1809 referred to in *Hicks & Lord v. Thomas,* supra) and the statute of limitation contained in § 3-705 of the Code of 1933, supra. The Code of 1863 also included the provision contained in § 3-904 of the Code of 1933. "A new promise shall revive or extend the original liability; it shall not create a new one."

This legislative enactment superseded the decision in *Hicks & Lord v. Thomas,* supra, as to the limitation for an action on a written acknowledgment of an account. When a new promise is given, the duration of the limitation is not determined by the nature of the new promise, but by the nature of the original obligation. *Dawson v. Godkins,* 28 Ga. 310; *Webb v. Carter,* 62 Ga. 415, 421. Accord *Sinclair Refining Co. v. Scott,* 60 Ga. App. 76 (2 SE2d 755); *Martin v. Mayer,* 63 Ga. App. 387, 407 (11 SE2d 218); Davis & Shulman, Georgia Practice & Procedure (3d Ed.) 478, § 29-20.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*