## 24814. FRANKLIN v. JORDAN.

FRANKUM, Justice.  Franklin filed a complaint against Jordan in which he sought to require the defendant to specifically perform an option contract which granted to the plaintiff's assignor, Ackerman, "his heirs, executors, successors and assigns," the exclusive right to purchase a described tract of land located in Cobb County.  The option contract contains the following stipulation: "Purchaser's rights under this contract shall be transferable and assignable at or prior to the closing by purchaser, to any individual, corporation, or partnership, but such assignment or transfer shall in no way release or relieve the purchaser from [his] liability, obligations or any of the provisions of this agreement."  It appears that subsequent to exercising the option Ackerman assigned the same to the complainant.  While the contract in one place refers to Ackerman, the optionee, as the "grantee" and in another place refers to "purchaser's rights," etc., it is apparent from a reading of the entire contract which was signed by Ackerman as "grantee" that the terms "purchaser" and "grantee' both refer to the optionee.  It is equally apparent that one of the obligations undertaken by Ackerman as optionee was to give a note signed by him personally promising to pay the balance of the purchase price, due after the initial payment.  This was one of the liabilities from which Ackerman was not released by his assignment of the option to Franklin.  To the complaint seeking specific performance of the contract Franklin attached as an exhibit a promissory note signed only by him as maker which he tendered to the defendant as a part of his offer to perform the agreement.  This note was not signed by Ackerman, either as maker or endorser, and it thus appears that the performance tendered by the plaintiff was not strictly in accordance with the terms of the agreement sued on.  Plaintiff was not entitled, therefore, to have specific performance of the agreement.  *Roberts v. Mayer,* 191 Ga. 588 (13 SE2d 382); *McKown v. Heery,* 200 Ga. 819, 821 (3)  (38 SE2d 425); *Lively v. Munday,* 201 Ga. 409, 422 (3)  (40 SE2d 62, 173 ALR 1295); *Jolly v. Jones,* 201 Ga. 532 (2)  (40 SE2d 558); *Marsh v. Baird,* 203 Ga. 819 (4)  (48 SE2d 529); *Blake v. Williams,* 208 Ga. 353, 358 (2)  (66 SE2d 829).  The complaint was therefore sub-

ject to the defendant's motion to dismiss and the trial court did not err in dismissing it.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1968—DECIDED NOVEMBER 7, 1968.

*L. M. Awtry, Jr., Hoke Smith, H. A. Stephens, Jr.,* for appellant.

*G. Robert Howard,* for appellee.