43997. HODGE v. DIXON et al.

DEEN, Judge. Damages traceable to a tortious act, but not its legal or natural consequence, are too remote and contingent to be recoverable (*Code* § 105-2009) unless the original actor, whose act would not otherwise be the legal or natural cause of the damages, acts knowingly for the purpose of bringing about the injury. *Code* § 105-2010. Although under the notice provisions of the new Civil Practice Act it is only necessary to set out "a short and plain statement of the claim showing that the pleader is entitled to relief" (*Code Ann.* § 81A-108 (a)) it is still possible for a litigant to plead himself out of court by revealing a state of facts which affirmatively shows that there is no liability on the defendant. Robbins v. Zabarsky, 44 FSupp. 867 (4); A. G. Reeves Steel Const. Co. v. Weiss, 119 F2d 472, 476 (9-12); *Franklin v. Jordan,* 224 Ga. 727 (164 SE2d 718); *Jackson v. Brown,* 118 Ga. App. 558 (164 SE2d 450).

Where subsequent to the original negligent act there occurs another tortious act sufficient of itself to cause the injury complained of, the latter is to be considered as the sole proximate cause unless it is a "normal reaction to the stimulus of a situation created by negligence." *Higdon v. Ga. Winn-Dixie, Inc.,* 112 Ga. App. 500, 503 (145 SE2d 808). See also *Piller v. Hanger Cab Co.,* 115 Ga. App. 260 (154 SE2d 420); *Millirons v. Blue,* 48 Ga. App. 483 (173 SE 443); *Tucker v. Star Laundry & Cleaners,* 100 Ga. App. 175 (110 SE2d 416); *Palmer v. Stevens,* 115 Ga. App. 398 (154 SE2d 803); *Benefield v. McDonough Constr. Co.,* 106 Ga. App. 194 (126 SE2d 704); *Liberty Homes v. Stratton,* 90 Ga. App. 675 (83 SE2d

818); *Whitaker v. Jones, McDougald, Smith Pew Co.*, 69 Ga. App. 711 (3) (26 SE2d 545); *Peggy Ann of Ga. v. Scoggins*, 86 Ga. App. 109 (71 SE2d 89); *Ga. Power Co. v. Kinard*, 47 Ga. App. 483 (170 SE 688); *General Motors Corp. v. Jenkins*, 114 Ga. App. 873 (2) (152 SE2d 796); *Andrews v. Kinsel*, 114 Ga. 390 (2) (40 SE 300, 88 ASR 25); *Horton v. Sanchez*, 57 Ga. App. 612 (195 SE 873).

In the present case, after a collision between the defendants in this case had occurred, and after the automobile of one of the defendants was disabled, a city police officer arrived at the scene and in the regular course of his duties began to direct traffic so that the street and intersection would not be blocked. While he was doing so he was negligently struck and killed by another motorist not a party to this lawsuit. The proximate cause of the death of the plaintiff's husband was, under the statements of this petition, the act of a third party, and not the negligence of the two motorists which caused the collision in the first instance. The foreseeability doctrine, as stated in *Williams v. Grier*, 196 Ga. 327 (26 SE2d 698) has no application. There the negligence of the defendant in *intentionally* parking his automobile in a forbidden location which interfered with the visibility of the road by oncoming traffic created a situation constituting a continuing hazard to all persons approaching the intersection. In the present case the damages are too remote and contingent to be recoverable. The trial court erred in denying the motion to dismiss the claim. *Judgment reversed. Felton, C. J., Bell, P. J., Jordan, P. J., Hall, Eberhardt, Quillian and Whitman, JJ., concur. Pannell, J., dissents.*

ARGUED OCTOBER 9, 1968—DECIDED MARCH 14, 1969.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton*, for appellant.

*Duncan Graham, Paul W. Calhoun, Jr.*, for appellees.

PANNELL, Judge, dissenting. Section 1 of the Act approved April 8, 1968 (Ga. L. 1968, p. 1072) eliminated from the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701), Subparagraph (2) of Section 1 (a) which gave the right of appeal "where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would

have been a final disposition of the cause or final as to some material party thereto" and substituted in lieu thereof a new Subparagraph (2) as follows: "Where the trial judge in rendering an order, decision or judgment not otherwise subject to direct appeal, certifies within ten (10) days of entry thereof *that such order, decision or judgment is of such importance to the case that immediate review should be had.*" The judgment appealed from was one overruling demurrers to and a motion to dismiss the plaintiff's petition entered on July 19, 1968. A purported trial judge's certificate was obtained, dated July 26, 1968, which certified that the order overruling the demurrers filed by the appellant "as to the issues presented in said demurrers, should be subject to review by direct appeal." This certificate was filed on the same day as the notice of appeal, August 14, 1968. The certificate was obtained within the ten days but the certificate itself does not contain the certification required by the statute. The statute requires that the trial judge shall certify that the judgment appealed from "is of such importance to the case that immediate review should be had." Unless and until the trial judge substantially so certifies, the judgment will not support an appeal. This is not being technical, it is merely requiring compliance with the Act of the legislature which does not permit the appeal from such a ruling until such a certificate is given. *Rockmart Fin. Co. v. High,* 118 Ga. App. 351 (163 SE2d 758). The requirement that the trial judge must certify that the judgment appealed from *is of such importance to the case* that an immediate review should be had must mean something, and must have been placed in the statute for a purpose, otherwise it is meaningless. If the legislature had intended that the trial judge not be required to certify as to the *importance to the case,* it would have merely required that he certify the case for review. We cannot ignore this express language of the statute in order to save a case from dismissal. Nor can we convert the language to mean that where the trial judge *finds* that the judgment is "of such importance to the case" he may *certify the case for review* and then assume he made such a finding because he certified the case for review. The statute requires that he certify he made such a finding that the judg-

ment *is of such importance to the case* that a review should be had. This court is not authorized to make such finding for him. That is the key that opens the door for appeal from such a judgment. Without the key, the legislature has closed the door.

That this requirement must be given effect is demonstrated by the difference in the language and the requirements of the certificate of the trial judge in order to appeal from the denial of a motion for summary judgment. In that instance, the trial judge is required to certify only that the order denying summary judgment "should be subject to review." See Section 25 of the Act approved March 30, 1967, amending Section 56(b) of the Georgia Civil Practice Act. Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 238. The certificate here did meet the requirements as to an order denying a summary judgment, but does not meet the requirements of the certificate for appeal of other judgments which would have been final if rendered as contended by the appellant.

Even in the federal courts, where the trial judge is required to certify in the interlocutory order itself "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation," such requirement is strictly construed and applied, and the trial judge must so certify and a failure to so certify denies to the appellate court jurisdiction of the appeal. See in this connection Milbert v. Bison Laboratories, Inc., 260 F2d 431, 435.

We cannot determine what the trial judge intended except by what he said. *Interstate Fire Ins. Co. v. Chattam,* 222 Ga. 436 (150 SE2d 618). Moreover, intention is not sufficient, but actual performance is required by the statute.

The judgment not being one of those from which an appeal may be had under the statute in the absence of a proper certificate of the trial judge, and there being no proper certificate here, the appeal should be dismissed. *Howard v. Thomas,* 224 Ga. 515 (162 SE2d 721); *Califon Construction Co. v. Highland Apartments,* 224 Ga. 610 (2) (163 SE2d 744); *Goldberg v. Mon-*

*roe,* 224 Ga. 693 (164 SE2d 123); *Nugent v. Willis,* 118 Ga. App. 335 (163 SE2d 891); *Berg v. Berg,* 118 Ga. App. 353 (163 SE2d 888); *State Hwy. Dept. v. Rosenfeld,* 118 Ga. App. 524 (164 SE2d 259).