### 5364.   O'DELL *v.* WOLCOTT.

RUSSELL, C. J.   1. Since the decision of the trial court upon the general demurrer to the petition would have been a final disposition of the case if it had been rendered as claimed by the plaintiff in error, the writ of error can not be dismissed as prematurely brought. Civil Code, § 6138.

2. Proper exception in a bill of exceptions to a judgment overruling a general demurrer confers jurisdiction of the writ of error; and a bill of exceptions containing such an exception will not be dismissed merely because the brief or argument of counsel makes no reference to that exception.

3. The allegations of the petition descriptive of the circumstances attendant upon the plaintiff's injury and contemporaneous therewith are properly to be considered in construing the specifications of negligence to which the special demurrer of the defendant is addressed; and when the grounds of negligence as alleged are thus considered, they are sufficient to withstand a special demurrer raising only the objection that it does not appear how the negligence alleged contributed to the injury of the plaintiff. Consequently there was no error in overruling the special demurrer.

4. The court did not err in refusing to sustain the general demurrer.

*Judgment affirmed. Roan, J., absent.*

DECIDED MAY 14, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. November 24, 1913.

The petition alleges, in brief, that on January 5, 1913, the plaintiff was riding a motorcycle northward on Drayton street in the city of Savannah, and, as he was crossing Macon street, a described automobile, of which the defendant was the owner, and which was at that time being operated by the defendant's agent and employee and in his interest, was proceeding southward on Drayton street; and, as the plaintiff was crossing Macon street, and when he had proceeded about two thirds of the distance across it, the automobile suddenly, and without warning or notice, made a short left turn, and the left front fender of the machine struck the plaintiff upon his left hip, throwing him to the curbstone of Drayton street, and thus causing certain physical injuries described. It is alleged that the defendant's agent and employee, in making the turn into Macon street, did not make a wide left turn, in accordance with an ordinance of the city of Savannah, or throw out his left hand on the left side of the machine, to indicate his purpose, or sound a warning to advise the plaintiff of his intention to cut across the corner of the street or to make a left turn; "with the result that he struck petitioner as aforesaid, to his injury and damage." It is further alleged that at the time the plaintiff was struck by the automobile, it was proceeding at a rapid, unreasonable, and unlawful rate of speed, of about 15 miles an hour, contrary to an ordinance of the city. The plaintiff was riding northward, on the extreme right-hand side of Drayton street, and, under the city ordinance, had the right of way over all vehicles going or turning east or west, and was almost across Macon street, and, if the defendant's agent and

employee had observed the ordinance and had used ordinary care and diligence in the operation of the machine, the plaintiff would have escaped injury. The dates of the above-mentioned ordinances are given, and leave of reference to them is prayed. Paragraph 10 (except certain sections of it which the court struck on demurrer) is as follows: "Petitioner therefore shows that his injuries are due entirely to the fault and negligence of the [defendant], his servant, agent, and employee: (1) Because the said defendant, through his servant, agent, and employee, was operating the said machine at a high, rapid, unlawful, dangerous, and negligent rate of speed. (2) Because the said defendant suddenly and without warning made a left turn into Macon street, to petitioner's injury and damage. (3) Because the said defendant, instead of making a wide left turn, as prescribed by the city ordinances, cut the corner of said street in making such turn, contrary to the ordinances of the city of Savannah. (4) Because the said defendant did not throw out his hand to indicate his purpose to turn, or give any other indication of such purpose. (5) Because the said defendant did not blow any whistle or horn, or give any warning of his rapid approach and purpose to turn into Macon street as aforesaid." The petition concludes with a prayer for damages in a specified sum.

The court overruled the following grounds of the demurrer to the petition: (1) It does not name the physician who attended the plaintiff. (2) It does not show how the alleged high rate of speed contributed to his injury. (3) It does not show how the failure to give the warning described in the 5th section of the 10th paragraph contributed to the plaintiff's injuries. (6) The petition sets forth no cause of action. The bill of exceptions assigns as error the overruling of these grounds of the demurrer.

There was a motion to dismiss the writ of error, for the following reasons: (1) The Court of Appeals is without jurisdiction to entertain the bill of exceptions, because no final judgment, affecting the result of the case, is complained of. (2) If the assignment of error in overruling the 6th paragraph of the demurrer—that the petition sets forth no cause of action—was sufficient to give the court jurisdiction, this assignment is abandoned by counsel for the plaintiff in error in their brief; which leaves no complaint of any final judgment, and deprives the court of jurisdiction to enter-

tain the bill of exceptions. (3) The brief of counsel is an admission that the general demurrer is without merit. Therefore, no final judgment is complained of.

*Osborne & Lawrence,* for plaintiff in error.
*Oliver & Oliver,* contra.