## 15289.  BASS v. SOUTHERN ENTERPRISES INCORPORATED.

1. "In an action founded on negligence mere general averments of negligence are sufficient as against a general demurrer." *Trammell* v. *Columbus Railroad Co.*, 9 *Ga. App.* 98 (70 S. E. 892).

2. Questions of diligence and of negligence address themselves peculiarly to the jury, and a court properly declines to solve them by decision on demurrer, except in plain indisputable cases. *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 260 (8) (58 S. E. 249). "The question of what is ordinary care and what is negligence is one exclusively for the jury, and the court should not take this question from their consideration." *Trammell* v. *Columbus Railroad Co.*, supra.

3. The court erred in sustaining the general demurrer to the petition.

DECIDED JUNE 10, 1924.

Action for damages; from Fulton superior court—Judge Humphries. December 27, 1923.

Mrs. W. C. Bass sued Southern Enterprises Incorporated, alleging: that the defendant operated a moving picture theatre; that she purchased a ticket and attended the theatre for the purpose of witnessing the picture then being shown; that after witnessing the performance she left her seat, which was on a platform, five or six inches above the aisle, and, on her way out of the building, she undertook to step into the aisle, without any knowledge of the difference in elevation, and, there being no floor lights to warn her, she was precipitated to the floor of the aisle and injured; that the defendant in operating the theatre was under the duty of arranging the seats and aisles so that those desiring to leave could do so in safety, and that it was negligent in so arranging the seats that she could only leave by stepping from the elevation on which the seat was located to the aisle; that it was the duty of the defendant to give warning of the elevation; that it was its duty to have floor lights placed around the elevation, so that persons could see the danger and protect themselves; that she did not know of this condition and had no means of knowing of it; that all these conditions were known to the defendant, and it was the duty of the defendant so to arrange the theatre as to protect her when she undertook to leave. The petition was dismissed on general demurrer, and the plaintiff excepted.

*Mayson & Johnson*, for plaintiff.

*Underwood, Pomeroy & Haas*, for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)

It is the fixed law of this State that questions of diligence and of negligence, and of what is ordinary care, address themselves peculiarly to the jury, and that a judge should decline to solve them except in plain, indisputable cases. It is also well settled that "in an action founded on negligence mere general averments of negligence are sufficient as against a general demurrer." This case does not present itself to the members of this court as a plain and indisputable one. Section 4420 of the Civil Code (1910) is as follows: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." The plaintiff was in the theatre by invitation, and for a lawful purpose, and while there was injured. Where a person is on premises by invitation, lawlessness or wantonness on the part of the owner of the premises is not necessary to the existence of liability, but ordinary neglect from some act either of omission or of commission may render the owner liable. The petition in this case set out a cause of action, and we think the allegations of negligence therein are sufficient to carry the case to a jury; and that the learned, careful, and painstaking judge who presided at the trial erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*