27306.   BARNWELL *v.* SOLOMON *et al.*

DECIDED FEBRUARY 23, 1939.

*Ulmer & Dowell,* for plaintiff.
*Lawrence J. Dwyer, Adams, Douglas & Brennan,* for defendants.

BROYLES, C. J.   Rebecca Barnwell brought a suit in damages for personal injuries against Samuel J. Solomon and J. O'Brien. Her petition alleged that Solomon had parked an automobile truck in Broughton Lane, in the City of Savannah, in violation of certain designated ordinances of the city, and that the truck was parked in such a manner that O'Brien, while driving his truck on said lane, was forced to drive between Solomon's parked truck and the porch of a house fronting on the lane, and that while so driving he (O'Brien) ran the truck against the porch on which the plaintiff was sitting, thereby causing the injuries sued for. The specific allegations of the negligence of Solomon were to the effect that his truck was parked in the lane in violation of certain ordinances of the city, and that there was not sufficient room between the truck and the porch for other vehicles to safely pass. The specific allegations of O'Brien's negligence were to the effect that he negligently and carelessly attempted to pass between Solomon's parked truck and the porch, without ascertaining that there was sufficient room to do so in safety, and that he was negligent in failing to stop his truck before it struck the porch on which the plaintiff was sitting. Solomon demurred to the petition on the ground that his alleged negligence was not the proximate cause of the plaintiff's injuries, said negligence being too remote to be the basis of an action against him, and that the petition "shows that a new cause of action intervened in the alleged negligence" of O'Brien, which negligence was not the natural and probable result of his (Solomon's) alleged negligence, but was of itself sufficient to cause the plaintiff's injuries. The court sustained the demurrer and dismissed the suit as to Solomon, and the plaintiff excepted to that judgment.

In our opinion this case is controlled by the decision in *Cain* v. *Ga. Power Co.*, 53 *Ga. App.* 483 (186 S. E. 229). In that case the headnote is as follows: "A petition which alleged that the Georgia Power Company was negligent in parking its bus in front of a school at a regular stop in violation of a certain city ordinance, and in parking its bus within ten feet of a fire hydrant and within twenty feet of the street intersection in violation of certain other city ordinances, and in parking its bus so that any persons attempting to cross said intersection could not see approaching traffic until they were well in the middle of the street, and that petitioner's child in attempting to cross said intersection at that point was

struck down by the automobile of joint-defendant Cook, immediately after she emerged from behind the bus of the Power Company, and that Cook was negligent in failing to keep a vigilant lookout, and in failing to have his car under control and in approaching said intersection at a greater rate of speed than allowed by city ordinances, shows conclusively that the negligence of the defendant Power Company was not the proximate cause of the injury sustained, but that the proximate cause of the injury was the negligence of the defendant Cook. The court therefore did not err in sustaining the demurrer of the Power Company." See also, to the same effect, *Millirons* v. *Blue*, 48 *Ga. App.* 483 (173 S. E. 443); *Watkins* v. *Toccoa*, 55 *Ga. App.* 8 (2) (189 S. E. 270); *Horton* v. *Sanchez*, 57 *Ga. App.* 612 (195 S. E. 873).

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*