To be good, a petition seeking recovery of damages for injuries on account of the negligence of another must allege facts which constitute a continuous succession of events, so linked together as to make a natural whole. If from the petition there appears some new and independent cause, intervening between the alleged wrong and the injury, the petition is bad and will be stricken on general demurrer. For in such event the intervening agency is the direct and proximate cause of the injury and the first event, though wrong, is too remote.
 DECIDED JANUARY 22, 1943. REHEARING DENIED FEBRUARY 25, 1943.
Mrs. Virginia A. Williams sued Thomas Grier and the Columbia Baking Company for damages resulting from the negligence of defendants. The first four paragraphs of the petition allege that Thomas Grier resides in Emanuel County and that Columbia Baking Company is a foreign corporation with its principal office in Fulton County, Georgia; that Green and Church Streets are paved streets in the City of Swainsboro, Georgia: that defendants have damaged plaintiff in the sum of $15,000: that on the afternoon of May 25, 1941, plaintiff was riding on the rear seat of a Dodge automobile then being driven by her son in an easterly direction on Church Street in Swainsboro; that the automobile was not owned by the plaintiff, nor was it in her custody or possession at the time of the injury.
The petition further alleges: Paragraph 5: "That plaintiff's said son completely stopped said automobile being so driven by him at said time and place at the intersection of Church and Green Streets in said City of Swainsboro. Georgia, in obedience to a stop sign located on said Church Street at or near the westerly side of said Green Street. That after her said son had so stopped said automobile and had looked out for on-coming vehicles and traffic in each direction at said street intersection. and his pathway across said Green Street. That after her said son had so stopped said automobile and had looked out for on-coming vehicles and traffic in each direction at said street intersection, and his pathway across said Green Street appearing to be clear, with no traffic approaching to his right or left, he drove and moved said Dodge automobile in which plaintiff was riding as aforesaid forward into said street intersection, and as it was crossing said Green Street another automobile driven by a negro in a northerly direction on said Green Street at a very high rate of speed collided with and struck with terrific force said Dodge automobile driven by plaintiff's son *Page 864 
as aforesaid, greatly damaging and practically demolishing said Dodge automobile, and as a result thereof, plaintiff was painfully, seriously and permanently injured in and about her head, body and limbs, and she sustained therefrom many severe wounds, bruises and injuries, and has suffered and will continue to suffer permanently great pain and anguish, and immediately after plaintiff so receiving and sustaining said injuries therefrom, she was carried to a hospital and was compelled to be confined in said hospital for several weeks for treatment of her said injuries and wounds. That said collision also resulted in injuries of a serious nature to your plaintiff's said son, her son's wife, and to plaintiff's husband, all of whom were also riding in said Dodge automobile at said time and place, and said injuries to plaintiff's husband resulting in his death within a few days after said collision.
"6. That said defendant at the time of said collision carelessly and negligently had a large bakery motor truck parked and stored at the westerly curb on said Green Street, at or near the intersection of said Green and Church Streets, in said City of Swainsboro, Georgia, with the front end pointed north, and in such a position, location and manner so that said bakery motor truck did then and there obscure the view of plaintiff and of her said son looking in a southerly direction and to his right along said Green Street at the time he stopped said Dodge automobile in obedience to said stop sign at said intersection. That said Green Street was not a one-way street. That at the time of said collision said bakery motor truck so negligently and carelessly stored and parked as aforesaid was owned by the defendant, Columbia Baking Company, a corporation, and was in the control, custody, and possession of its servant and employee, the defendant, Thomas Grier, also known as T. F. Grier, with the consent, knowledge, and acquiesence of the defendant, Columbia Baking Company, a corporation, and said bakery motor truck was parked and stored as aforesaid by said defendant, Thomas Grier, also known as T. F. Grier, in the course of his duties in and about his employment by said defendant, Columbia Baking Company, a corporation.
"7. That said bakery motor truck was parked and stored aforesaid prior to and at the time of said collision in violation of the city ordinances of the said City of Swainsboro, Georgia. That said bakery motor truck was parked and stored as aforesaid on the night *Page 865 
immediately prior to the date of said collision and was carelessly and negligently allowed to remain by said defendants so parked and stored from that time until and after said collision in violation of said city ordinances of said City of Swainsboro, Georgia.
"8. That said defendants had habitually, for several months prior to said collision, been parking and storing said bakery motor truck in said place on Green Street carelessly and negligently in violation of said city ordinances of the City of Swainsboro, Georgia, as aforesaid.
"9. That said habitual careless and negligent parking and storing of said bakery motor truck on said Green Street at said street intersection as aforesaid obstructed the view of the travelling public on Green and Church Streets in said City of Swainsboro, Georgia, which said streets were at time of said collision heavily used by the travelling public day and night at time of said collision, motor vehicles travelled frequently at high rates of speed at said place on said Green Street, and such parking and storing of said bakery motor truck at said place created a traffic hazard and a death trap which was well known to said defendants, or by the exercise of due prudence and care should have been well known to said defendants.
"10. That said bakery motor truck so parked and stored on said street as aforesaid was not placed in any designated painted diagrams as required by the city ordinances of the City of Swainsboro, Georgia, and particularly as required by one of such ordinances appearing as § 239 of the City Code of the City of Swainsboro, Georgia, which will be more fully alleged hereinafter.
"11. That the careless and negligent parking and storing of said bakery motor truck by said defendants as aforesaid was the proximate cause of said collision and of said injuries to plaintiff. That such parked and stored bakery motor truck obstructed the view of plaintiff and the driver of said Dodge automobile in which plaintiff was riding at said time and place, and also obstructed the [view] of said negro driver of the automobile which collided with said Dodge automobile in which plaintiff was riding as aforesaid, and if said parked and stored bakery truck had been parked and stored elsewhere than at the place aforesaid, and not in violation of said city ordinances, the drivers of said automobiles so collided as aforesaid would have had a sufficiently clear view of *Page 866 
approaching traffic at said street intersection to have avoided said collision, said collision would not have occurred, and plaintiff would not have sustained her said injuries."
Paragraph 12 sets forth the ordinances of the City of Swainsboro which the petition alleges were violated. Paragraphs 13, 14, and 18 specify the injuries plaintiff received from the collision and the special damages incurred thereby.
Paragraphs 15, 16, and 17 allege that the negligence of the defendants was the direct and proximate cause of the injuries sustained by plaintiff, and that she was free from any negligence. The acts of negligence specified are as follows: "(a) Parking and storing said bakery motor truck as aforesaid in a manner that legally renders them jointly liable to plaintiff. (b) Parking and storing said bakery motor truck as aforesaid on the left-hand (westerly) side of said Green Street in violation of the rules of the road. (c) Parking and storing said bakery motor truck as aforesaid in such manner as to constitute negligence per se, in that such parking and storing of said bakery motor truck violated the city ordinances of said City of Swainsboro, Georgia, codified under §§ 239, 245, and 246 of the City Code of the City of Swainsboro, Georgia, which said sections are fully set out in this petition. (d) Parking and storing said bakery truck as aforesaid so the same would and did obscure the view as aforesaid and create a serious traffic hazard and death trap."
The defendants filed separate demurrers. They are substantially the same. We set forth here only the demurrers of the Columbia Baking Company as follows: "(1) Because said petition does not set forth any cause of action against this defendant. (2) Because said petition does not set forth any cause of action against this defendant, as it is apparent from the allegations thereof that the alleged negligence of this defendant was not the proximate cause of the collision and alleged resulting injuries and damages, as set forth in said petition. (3) Because said petition does not set forth any cause of action against this defendant as it is apparent from the allegations thereof that the proximate cause of the collision was the negligence of plaintiff's son, the driver of the car in which the plaintiff was riding. (4) Because said petition does not set forth any cause of action against this defendant as it is apparent from the allegations thereof, and more especially *Page 867 
paragraph 5, that the proximate cause of the collision was the negligence of the driver of the car which collided with the car in which plaintiff was riding. (5) Because said petition does not set forth any cause of action against this defendant as it is apparent from the allegations thereof that the alleged collision and resulting injuries and damages was not the probable consequence of defendant's alleged negligence, which alleged negligence was at the time passive. (6) Because said petition does not set forth any cause of action against this defendant, because it is not alleged in said petition what business Thomas Grier was engaged in for this defendant at the time of the collision on May 25, 1941, nor are sufficient facts set forth in said petition to show that at the time of said collision he was actually engaged in the scope of his employment and course of his business for this defendant.
"Defendant demurs specially to said petition and to the various paragraphs thereof on the following grounds, to wit: (7) Defendant demurs specially to paragraph 6 of the petition and the following portion thereof: `In the course of his duties in and about his employment by said defendant, Columbia Baking Company, a corporation,' because it is a conclusion on the part of plaintiff, and no facts are set forth in said paragraph, or elsewhere in said petition, showing what business Thomas Grier was conducting for this defendant on May 25, 1941, at the time of said alleged collision. (8) Defendant demurs specially to paragraph 7 of said petition and the statement contained therein `On the night immediately prior to the date of said collision and was carelessly and negligently allowed to remain by said defendants so parked and stored,' because what occurred the night before and prior to the time of the collision has absolutely no bearing on whether the defendant was negligent at the time of said alleged collision, and defendant moves to strike out said quoted words from said paragraph. (9) Defendant demurs specially to paragraph 8 of said petition and to the statement `Had habitually, for several months prior to said collision, been parking said bakery motor truck at said place on Green Street,' because what had been the habit of defendant has no bearing on whether or not it was negligent at the time and place of the collision, and defendant moves to strike the quoted words from said paragraph. (10) Defendant demurs specially to paragraph 9 of said petition and the words thereof `That said habitual *Page 868 
careless and negligent parking and storing of said bakery motor truck,' because what had been the habit of defendant has no bearing on whether or not defendant was negligent at the time and place of the collision, and defendant moves to strike the quoted words from said paragraph. (11) Defendant demurs specially to paragraph 12 of said petition, and especially to § 245 of the City Code of said City of Swainsboro and moves to strike said § 245, because it is apparent from the allegations of the petition, and more especially paragraph 4 thereof, that the collision happened on the afternoon of May 25, 1941, as shown by paragraph 4 of the petition, and the said § 245 is inapplicable to the case. (12) Defendant demurs specially to paragraph 12 of said petition and § 246 of the City Code of the said City of Swainsboro, quoted therein, and moves to strike same because the parking of said bakery motor truck was not the proximate cause of the alleged collision. (13) Defendant demurs specially to paragraph 18 of said petition, and moves to strike same, because it is apparent from the allegations of said petition and more especially paragraph 5, that at the time of the alleged collision plaintiff was a married woman and her husband. or his estate, is liable for said expenses."
The court overruled both the general and the special demurrers. The defendants excepted.
The facts of the instant case are almost identical with and are controlled by the principles of law announced in Cain v. GeorgiaPower Co., 53 Ga. App. 483 (186 S.E. 229), and Pullen v.Georgia Stages Inc., 62 Ga. App. 592 (9 S.E.2d 104). See cases cited therein. The facts stated and rulings announced inSprayberry v. Snow, 190 Ga. 723 (10 S.E.2d 179), andBozeman v. Blue's Truck Line Inc., 62 Ga. App. 7
(7 S.E.2d, 412), are not controlling in the instant case, as may be discerned by a careful reading and comparison. We call attention to the cases cited by this court in Seymour v. Elberton,67 Ga. App. 426 (20 S.E.2d 767). See also Barnwell v.Solomon, 59 Ga. App. 507 (1 S.E.2d 263).
The petition failed to set out a cause of action. The court erred in overruling the demurrers.
Judgment reversed. Broyles, C. J., and MacIntyre, J., concur. *Page 869