MAY v. GEORGE A. RHEMAN CO., Inc., et al.

Civil Action No. 7230.

District Court, S. D. Georgia, Augusta Division.

Aug. 11, 1943.

Randall Evans, Jr., and Jack D. Evans, both of Thomson, Ga., for plaintiff.

Bussey, Fulcher & Hardin, Jas. S. Bussey, Hull, Barrett, Willingham & Towill, and James M. Hull, all of Augusta, Ga., for defendants.

LOVETT, District Judge.

There are several motions presented and argued at length in this case. The first for consideration is the motion to remand, because, if remanded, the other motions should be determined by the state court.

In Gallahar et al. v. Rheman Co., decided July 2, 1943, companion cases of this, all growing out of the same automobile accident, I concluded there was a separable controversy between plaintiffs and certain non-resident defendants and that no claim for relief had been stated against the resident defendants. 655 F. Supp. 50. Here I reach the opposite conclusion. The parties are entitled to know the distinctions the pleadings have made between Gallahar's case and this case, and I shall state them.

The plaintiff here, a resident of Georgia, was a sick passenger riding in an ambulance which collided with a gasoline truck of Rheman, a non-resident, at a street intersection in Thomson, Ga., at night. A parked truck, owned by a Georgia corporation, near the intersection, is alleged to have obscured the visions of the drivers of the two colliding vehicles. Plaintiff sues for damages for his injuries. In Gallahar's case the owner and the driver of the ambulance were not sued. Here they are. They are residents of Georgia. The other defendants are the same in all of the cases, viz., the owners, drivers and insurance carriers of the colliding truck and of the parked truck. They are all charged with joint and concurrent negligence, combining to produce the injury. The facts are fully pleaded.

In Gallahar's case no allegation was made as to bright headlights burning on the parked truck. Here it is alleged they were burning and that "they tended to blind the driver (of the colliding truck) —and tended to prevent his knowing that the ambulance was approaching" (at a right angle) and that the driver of the moving truck "had he been able to see the approaching ambulance * * * could have applied his brakes and swerved to the right or left so as to avoid colliding with said ambulance". The ambulance is charged with negligence in driving too rapidly under the circumstances and in violating a municipal speed ordinance; the moving truck with violating a municipal ordinance requiring a boulevard stop and giving the ambulance the right of way; and the parked truck with being improperly and negligently parked at night in a public street away from the curb, and with violating a law and rules of the Public

Service Commission of Georgia regulating the size and manner of lighting such parked trucks at night. The parked truck is here placed in a somewhat different location, or at least pointing in a different direction, than in Gallahar's case. In plaintiff's petition it is also alleged "the negligence of all of said defendants combined to bring about the collision and plaintiff's injuries"; that the negligence of the owners of the ambulance, the parked truck and the moving truck, and their respective drivers (also defendants) was "the proximate cause of the collision and of plaintiff's injuries"; and that the negligence of the several defendants, and "each and every act of negligence" separately pleaded against them, "all combined to form the proximate cause of the collision".

This case was removed from the state court by the owner of the colliding truck and its insurance carrier, both non-resident corporations, and its driver, a citizen of another state. On his motion to remand plaintiff argues concurrent negligence is properly alleged against all defendants, and because he and the owners of the ambulance and the parked truck, as well as the drivers of the two vehicles last mentioned, are for jurisdictional purposes citizens of Georgia, the requisite diversity of citizenship for removal is lacking. All defendants reply there is a separable controversy between the colliding truck-owner and its driver and the plaintiff; they also insist concurrent negligence is not well pleaded; that the charge of negligence against the non-residents is based on different and non-concurrent acts for which they could be sued alone. The removing defendants also contend no valid claim for relief is set out against the owner, driver and insurance carrier of the parked truck.

If it should be held no case is stated against the owner of the parked truck, the case nevertheless would have to be remanded if concurrent negligence is properly alleged against the other defendants, for the owner of the ambulance and its driver are citizens of Georgia also. Without in any manner attempting to conclude the state court on the question—I have neither the power nor the wish to do so—I feel I should call attention, as I have already done, to the differences in the pleadings here and in the other companion cases with reference to the manner of parking and lighting the parked truck. Moreover, in holding in Gallahar's case, as

I then said, that the parked truck was absolved of liability, I was endeavoring to find and apply the appropriate state law. See 50 F.Supp. 655. The most recent expression was Grier v. Williams, 68 Ga.App. 863, 24 S.E.2d 509, decided January 22, 1943, in which it was held on similar allegations a cause of action was not stated against the owner and driver of a truck which was so parked as to prevent the drivers of the other colliding vehicles from seeing each other, since such negligence, if any, was too remote to be the proximate cause of the injury. The Georgia Court of Appeals in the Grier case followed its earlier decisions in Cain v. Georgia Power Co., 53 Ga.App. 483, 186 S.E. 229, and Pullen v. Georgia Stages, Inc., 62 Ga.App. 592, 9 S.E.2d 104. Since my decision the Supreme Court of Georgia, on certiorari, has reversed the Court of Appeals in the Grier Case, Williams v. Grier, 698 S.E.2d 26, decided July 8, 1943, and in the decision has stated "We are unable to approve either of these precedents (Cain and Pullen cases, supra) as related to proximate cause". The court also held the petition in the Grier case stated a cause of action based on common law duty as well as on duty prescribed by law, there a municipal ordinance.

One injured by the concurrent negligence of two persons may join them in one action, and that one of the defendants is a citizen of another state does not justify removal. The fact that the plaintiff might have sued the two separately, in which event the citizen of another state could have removed, makes no difference. When separate acts of negligence combine to cause an injury each actor is liable for the entire result, and the cause is not removable on the ground of separable controversy. To create a separable controversy "which is wholly between citizens of different States, and which can be fully determined as between them" (28 U.S.C.A. § 71), the charge of negligence against the non-resident defendant must not only be different from the charge against the other defendants, but also must be non-concurrent, must negative a joint cause of action, must be sufficient in and of itself to give rise to a cause of action. In the absence of clear proof of bad faith in the joinder, acts of negligence of several defendants alleged in combination to have produced an injury, and which under the facts pleaded are not clearly shown to have operated inde-

pendently of each other, which a trior of the facts may justifiably find were concurrent and together became the proximate cause of the injury, will be taken as presenting a non-separable controversy. Of course, if the charge against the non-resident defendant is based on different and non-concurrent acts of negligence and a cause of action which is joint in character is not alleged, a separable controversy is presented. Alabama Great So. Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago R. I. & Pac. Ry. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090; Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334; Tolbert v. Jackson, 5 Cir., 99 F.2d 513, on rehearing 100 F.2d 909; Adams v. Tolerton, D.C., 22 F.2d 863(2), 864; Southern Ry. Co. v. Edwards, 115 Ga. 1022, 42 S.E. 375; Southeastern Greyhound Lines v. Estes, 68 Ga.App. 248, 22 S.E.2d 679; 4 Hughes, Federal Practice, Jurisdiction & Procedure, § 2377. When the plaintiff pleads a case of joint liability under the state law against a resident and a non-resident defendant, the case is not removable from the state to the federal court in the absence of a showing of fraudulent joinder. Chicago & Alton R. Co. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed 826. In Tolbert v. Jackson, supra [99 F.2d 514], the Fifth Circuit Court of Appeals, speaking of separable controversies, had this to say: "Differing from fraudulent joinder, there can be no separable controversy in a suit unless more than one cause of action is alleged. * * * The implication (of the removal statute) is inescapable that there must be another controversy in the same suit which otherwise would not be removable. * * * In this case there is but one claim, one ground of suit, one reason for process, one cause of action, one occasion for damages; it is the wrongful death of appellant's husband. This is denominated in the Georgia statute an action for homicide. So far as appellant is concerned, there is one action based upon the violation of a single right. * * * There seems to be no decision by the Supreme Court upholding removal on the ground of separable controversy in an action for death or personal injuries. In such instances, removal on this ground uniformly has been denied by the federal court of last resort, which recognizes a distinction between a suit within which is a separable controversy wholly between citizens of different states and a joint or several action which the plaintiff has elected to make joint" (citing long list of cases where removal was denied beginning with 104 U.S. and ending with 271 U.S. and 46 S.Ct.).

■ I have been asked in this case to disregard the pleader's allegations that the negligence of the several defendants was concurrent and combined to produce the collision and injury to plaintiff on the ground that they are mere conclusions and not statements of facts. This I am unable to do. The allegation is not inconsistent with or contradictory of the facts pleaded. I find no separate and distinct charge of negligence against the non-residents, which unmixed with the alleged negligence of the resident defendants, would be sufficient in and of itself to give rise to a cause of action. No cause of action would exist, for there would have been no collision and no injury, if the moving truck owned and operated by the non-residents had violated the municipal ordinance by speeding and failing to slow down or stop at an intersecting highway or boulevard, unless also concurring and contributing the ambulance had not been speeding also and the parked truck had not created an obstruction by its method of improper parking and lighting. All these forces acted not independently of but in combination with each other to bring about the collision as pleaded. As recently put by Judge Hutcheson of this Circuit, in United States v. New York Great A. & P. Tea Co., 459 F.2d 137, July 30, 1943: "While good pleading * * * requires allegations of fact rather than of conclusions, the line between what is a statement of fact and what is a conclusion is not so broadly and easily drawn as that he who runs may read. Indeed, as the cases and text books amply show, it is sometimes quite finely drawn. Most words are syntheses, that is, the result of conclusions which have been drawn. We analyze to synthesize. We synthesize to analyze again". I regard the allegations of combined negligence as more than mere conclusions.

■ It follows that no separable controversy between citizens of different states has been made to appear, and the motion to remand should be, and hereby is, sustained, and the case remanded to the state court.