33784. ANDERSON-McGRIFF COMPANY *v.* MEISEL *et al.*
33785. MEISEL *v.* ANDERSON-McGRIFF COMPANY *et al.*

DECIDED DECEMBER 4, 1951.

*Fraser & Shelfer, George A. Haas, Haas & Hurt,* for plaintiff in error.

*Israel Katz, W. Neal Baird, Neely, Marshall & Greene, Howard, Tiller & Howard, Andrews, Nall & Sterne,* contra.

FELTON, J. 1. Ground 10 of the amended motion for a new trial complains that the trial judge erred, when charging on § 88-808 of the Atlanta City Code, which reads in part: "In places where, and at such hours as, stopping for the loading or unloading of merchandise or materials is permitted, vehicles used for the transportation of merchandise or materials may be backed into the curb to take on or discharge loads", in that he charged that the permission mentioned in such ordinance meant the official permission of the City of Atlanta. The charge was not error. Section 88-807 of the Atlanta City Code forbids any parking other than parallel parking except where indentations as described therein are provided. This ordinance is the general ordinance on parking within the City of Atlanta. Section 88-808 is an exception to § 88-807, and provides that, in cases where it is permitted, one may park other than in the manner prescribed in § 88-807. Under § 88-808 stopping a vehicle for loading or unloading purposes is a parking of the vehicle. The permission contemplated by § 88-808 is the permission of the City Council of Atlanta, which promulgated § 88-807 and is the only one that can permit an exception to such section, or can delegate to proper persons the authority to grant such permission. Nothing is shown to indicate that

the city council properly delegated the power to grant the permission contained in § 88-808 to someone other than the council; therefore, it must be assumed that such authority remained with the City Council of Atlanta. The contention that the permission contemplated by § 88-808 meant the permission of the individual police officer on the beat, either by his express permission or by his "implied permission" by failure to apprehend offenders parking other than parallel, is without merit. Because this charge was a correct one, special grounds 11 and 12, alleging error in certain other charges are without merit. While the evidence failed to show that the city council had permitted the type of parking described in § 88-808 at the loading dock of the Puritan Mills (and the burden of proving such permission was on the defendants Anderson and McGriff, it being a matter of defense), the charges complained of would have authorized the jury to find that such permission had been granted, and were therefore beneficial rather than harmful to the defendants Anderson and McGriff. The remaining special grounds of the amended motion for a new trial and the special demurrers were not argued or expressly insisted upon, and will be treated as abandoned.

2. It was not error to overrule the general demurrer.

(a) Under the allegations of the petition, this court cannot say as a matter of law that the plaintiff's husband was guilty of such negligence in the first instance as would bar her recovery, or that the husband could have avoided the consequences of the defendant's negligence after it was discovered or should have been discovered by the exercise of ordinary care.

(b) The plaintiffs in error here contend that the general demurrer should have been sustained because, subsequently to their original act of alleged negligence in illegally parking their truck, new and independent causes intervened sufficient in themselves to stand as the cause of the misfortune, and that their alleged negligence was too remote. Under the facts alleged, we do not concur in this view. While the contention of the plaintiffs in error corresponds with the general rule, yet "if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reason-

ably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109) ; *Williams* v. *Grier,* 196 *Ga.* 327 (2a) (26 S. E. 2d, 698) ; *Gillespie* v. *Andrews,* 27 *Ga. App.* 509 (108 S. E. 906) ; *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (5) (148 S. E. 535) ; *Sprayberry* v. *Snow,* 190 *Ga.* 723 (10 S. E. 2d, 179) ; *Bozeman* v. *Blue's Truck Line,* 62 *Ga. App.* 7 (7 S. E. 2d, 412) ; 2 Restatement, Torts, 1184, § 439; 17 A. L. R. (2d) 582. This rule is especially applicable where, as here, the law or ordinance was enacted for the very purpose of preventing consequences similar to those involved in this case. See *Bozeman* v. *Blue's Truck Line,* supra. The defendants were not required to foresee the precise manner in which the collision might occur.

3. The general grounds of the amended motion for a new trial of the plaintiffs in error are without merit. There was evidence to support the findings of the jury, that the truck of the plaintiffs in error was illegally parked and that they were guilty of negligence per se, and that Williams Bros. Lumber Company was negligent in passing the truck of the plaintiffs in error on the wrong side of the street without first ascertaining that the way was clear enough for it to go around the parked truck and get back on its side of the street before encountering oncoming traffic, and that the other defendants were negligent in failing to apply the taxicab's hand brakes, in driving too rapidly under the facts, and in not avoiding hitting and injuring the plaintiff's husband, and that these acts of negligence combined and proximately caused the death of the plaintiff's husband.

4. The court did not err in charging the law on comparative negligence in relation to Anderson-McGriff Company.

This case is a companion case to *Williams Bros. Lumber Co.* v. *Meisel* and *Lowe* v. *Meisel* post, to which reference is made.

The court did not err in overruling the general demurrer of Anderson-McGriff Company to the petition, or in denying the amended motion for a new trial.

*Judgments affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Sutton, C.J., and Worrill, J., concur.*