37312. LANDERS, by Next Friend *v.* FRENCH'S ICE CREAM COMPANY *et al.*

DECIDED SEPTEMBER 22, 1958—REHEARING DENIED OCTOBER 14, 1958.

318

*Ward, Brooks, Parker & Daniel, Cullen M. Ward*, for plaintiff in error.

*Smith, Field, Doremus & Ringel, Palmer H. Ansley, Henry M. Quillian, Jr., Bryan, Carter, Ansley & Smith, Edward B. Everett*, contra.

Nichols, Judge.   It was alleged that the defendant Bruce was the employee of the defendant French's Ice Cream Company and acting within the scope of his employment at all times referred to in the petition.   Therefore, for the sake of brevity as well as clarity, since any act of the employee Bruce would be imputable to his employer, these defendants will be referred to jointly as French's.   It was alleged that the defendant Charles R. Williams was the son of the defendant Mrs. Norma Williams, that she owned the automobile driven by her son as a family-purpose automobile and that it was so being used at the times referred to in the petition; therefore, these defendants will be referred to jointly as Williams. Inasmuch as the defendant Honea is alleged to be the owner of a family-purpose automobile so being used by his daughter at the times referred to in the petition the actions of this defendant's daughter, which are imputable to this defendant, will be referred to merely as Honea.

The petition alleged that the plaintiff, at the time referred to in the petition was a child of 5, that he was standing either on the east curb of Hills Avenue, N.W., in the City of Atlanta or immediately by the east curb of such street, that French's truck approached from a northerly direction and stopped at a point across the street from the plaintiff for the purpose of selling ice cream products to the children and adults residing in such neighborhood which was a residential district, that such truck was parked at least four feet from the right hand curb, that the Williams automobile and the Honea automobile approached from the south—while French's was attempting to make a sale to the plaintiff—racing side by side at a speed of approximately 70 miles per hour, "Petitioner shows that as said automobiles approached the location of said ice cream truck, there not being

sufficient room for both said vehicles to pass between said truck and said curb the Oldsmobile [Honea] sped through said opening between said truck at a speed of approximately seventy (70) miles per hour and that the Ford [Williams] automobile swerved to the right to go through said opening between the left side of said truck and east curb of Hills Avenue and just prior to going through said opening observed said child standing at said curb and applied the brakes to said automobile skidding fifty-two (52) feet up hill, striking said child with a violent, forceful, severe and damaging impact, knocking said child twenty-four (24) feet up said hill against the curb and then traveling an additional distance of approximately one hundred five (105) feet up said hill before said Ford automobile stopped. . . that for a distance of at least five hundred (500) feet prior to said point of impact both said Oldsmobile and said Ford automobile were being operated at a speed in excess of seventy (70) miles per hour . . . that Hills Avenue, N.W. is one of the public highways of the State of Georgia and is located within the city limits of the City of Atlanta, Georgia." The following ordinances of the City of Atlanta were alleged: "*Section 40.36. Sale of Ice Cream, etc., From Vehicles—Requirements as to parking; Sound Equipment to be Stopped.* All vendors or hucksters operating trucks, carts or other types of equipment for the sale of ice cream or other merchandise on the streets of the city shall, before making any sale, park their vehicle at the right curb, and at least eight feet from any other vehicle that may be parked on the street and not less than one hundred feet from any intersecting street. When the vehicle stops, all sound equipment or other device used to notify patrons of the presence of the vendor shall be stopped and shall not be resumed until the vehicle is again put in motion." "*Section 40.37. Same—Requirements as to Serving Customers.* All customers, under the provisions of the preceding section, shall be served from the parked vehicle from the curb side. No vendor shall serve or sell to any customer under fourteen years of age any product when the customer is approaching from the opposite side of the street, but the vendor shall deliver to the customer on the opposite side of the street any product desired so as to

prevent any customer under fourteen years of age from crossing the street to make a purchase." *"Section 30.85. Standing or Parking Close to Curb.* No person shall stand or park a vehicle in a roadway other than parallel with the edge of the roadway headed in the direction of lawful traffic movement and with the right-hand wheels of the vehicle within six inches of the curb or edge of the roadway except as otherwise provided in this article; . . ." The following acts of negligence were charged to French's and Honea, in addition to those charged to Williams. "The defendant Alvie Honea was negligent through the act of his daughter who was using said automobile as a family-purpose car in the following particulars, to wit: (1) In participating in a joint venture with the defendant Charles R. Williams in racing side by side at a speed in excess of seventy (70) miles per hour as set forth in this petition and in contributing to and being a part of said venture which was one of the proximate causes of the injuries sustained by your petitioner. (2) In damaging and injuring your petitioner as alleged in this petition. "The defendants French's Ice Cream Company and Charlie Bruce were negligent in the following particulars, to wit: (1) In dispensing ice cream products from the wrong side of said vehicle in violation of the valid and subsisting ordinances of the City of Atlanta heretofore set out in this petition, which was negligence per se; (2) In parking said vehicle out in said street a distance of at least four (4) feet from the right-hand curb of said Hills Avenue; in violation of the ordinance heretofore alleged which was negligence per se; (3) In failing to advise said child of the on-coming, racing, automobiles and of the danger in standing at or near said curb for the purpose of purchasing ice cream products from the wrong side of said vehicle; (4) In failing to take said ice cream products across to the other side of said street for the purpose of selling same to your petitioner and the other children in said neighborhood; (5) In failing to park said truck on the right-hand side of said Hills Avenue headed in a northerly direction in order to disburse said ice cream products to said children on the same side of the street on which they had been playing and from the proper side of said truck; (6) In damaging and injuring your petitioner as alleged in this

petition." The plaintiff's injuries were alleged, and process and judgment prayed for.

1. It is contended that the case of *Barnwell* v. *Solomon,* 59 *Ga. App.* 507 (1 S. E. 2d 463), controls the present case as to the defendants French's. In that case it was held that the illegal parking of a truck was not a concurring proximate cause of the plaintiff's injuries where another truck, in attempting to pass the illegally parked truck, struck a porch where the plaintiff was sitting, causing her injuries. The decision in such case was based primarily on the earlier decision of this court in *Cain* v. *Georgia Power Co.,* 53 *Ga. App.* 483 (186 S. E. 229), where it was held that the illegal parking of a bus was not the proximate cause of injuries suffered by a pedestrian when she was struck by the driver of another vehicle immediately after she emerged from behind the bus of the Georgia Power Company. It is also contended that *Pullen* v. *Georgia Stages, Inc.,* 62 *Ga. App.* 592 (9 S. E. 2d 104), which decision was based to a great extent on *Barnwell* v. *Solomon,* supra, and *Cain* v. *Georgia Power Co.,* supra, demands a judgment affirming the judgment of the trial court sustaining these defendants' oral motion to dismiss the plaintiff's petition as to them.

These contentions are without merit, for the Supreme Court, in *Williams* v. *Grier,* 196 *Ga.* 327, 339 (26 S. E. 2d 698), a full bench decision, severely criticized the decisions in *Cain* v. *Georgia Power Co.,* 53 *Ga. App.* 483, supra, and *Pullen* v. *Georgia Stages, Inc.,* 62 *Ga. App.* 592, supra, and reversed the decision of this court in *Grier* v. *Williams,* 68 *Ga. App.* 863 (24 S. E. 2d 509), which involved the same principle of law. Under the decision of the Supreme Court *Williams* v. *Grier,* supra, and the decision of this court in *Anderson-McGriff Co.* v. *Meisel,* 85 *Ga. App.* 58 (68 S. E. 2d 377), the allegations of the plaintiff's petition which showed that French's truck was parked at least four feet from the curb, in violation of a valid, pleaded, city ordinance, without more, under the allegations of fact contained in the petition set forth in substance above, presented a jury question as to whether the alleged negligence of these defendants was a concurring proximate cause of the plaintiff's injuries. The trial

court erred in sustaining the oral motion to dismiss of these defendants.

2. The defendant Honea contends that the allegations of the petition show that his car had passed the point of impact before the Williams automobile struck the plaintiff and that therefore no cause of action is set forth against him, inasmuch as the mere racing of an automobile is not negligence to the plaintiff where such automobile was beyond the point of impact at the time the second automobile engaged in the race struck the plaintiff.

With this contention the court cannot agree. "Racing motor vehicles on a public highway is negligence, and all those who engage in a race do so at their peril, and are liable for an injury sustained by a third person as a result thereof, regardless of which of the racing cars actually inflicted the injury, or of the fact that the injured person was a passenger in one of the cars." 60 C.J.S. 702, Motor Vehicles, § 297.

No Georgia decision directly in point has been found by this court; however, the foreign cases examined lead only to the conclusion expressed in C.J.S., supra. In Oppenheimer v. Linkous' Adm'x., 159 Va. 250 (165 S. E. 385), 1 Cooley on Torts (3rd ed.) p. 249 is quoted as follows: "Where two or more are unlawfully or negligently racing horses on a street and one injures a traveler, they are jointly and severally liable." In that case, as in the case sub judice, two automobiles were engaged in a race at speeds of seventy miles per hour when one of the automobiles struck a pedestrian. It was stated in that case that: "A child should have anticipated that some pedestrian might be struck in the street." See also Carney v. DeWees, 136 Conn. 256 (70 Atl. 2d 142), and cases cited.

While the allegations that the Williams automobile and the Honea automobile were engaged in a *joint venture* is a conclusion unwarranted by the pleaded facts (*Community Gas Co.* v. *Williams,* 87 *Ga. App.* 68, 77, 73 S. E. 2d 119), the allegations that these defendants were racing side by side (racing each other) up to a point immediately before the plaintiff's injuries were inflicted upon him, when the driver of the automobile which actually struck the plaintiff applied his brakes in what became a belated attempt to avoid striking the plaintiff. In Oppen-

heimer *v.* Linkous' Adm'x., 158 Va. 250, supra, a case which did not involve any negligence with reference to a parked vehicle as does the present case, it was said: "If these men, however, had not been racing Linkous would be alive today. His death is directly due to the failure of Oppenheimer's chauffeur to note the passing signal from the Smoot car. [The Smoot car struck Linkous.] He saw fit to invite a race which was not only a proximate cause of the accident but the sole proximate cause." To paraphrase this quotation: "If the Williams automobile and the Honea automobile had not been racing, and of course if the French's Ice Cream Company truck had not been illegally parked, the Landers' child would not have been injured. His injuries are due to the alleged negligence of the defendants, for had the French's truck not been illegally parked, and had the other defendants not seen fit to invite a race or accept an invitation to race, as the case may be, no injuries would have occurred."

The trial court erred in sustaining the general demurrer of the defendant Honea.

3. In view of the above rulings the judgment of the trial court refusing the plaintiff time to amend his petition becomes moot and will not be passed on.

*Judgments reversed. Quillian, J., concurs. Felton, C. J., concurs specially as to the ruling in the first division of the opinion.*

FELTON, Chief Judge, concurring specially as to French's Ice Cream Company. I concur in the judgment because of the alleged violation of City Ordinance Section 30.85. The other ordinances were passed solely for the benefit of children crossing or running into the streets. Section 30.85 was passed to avoid collisions and injuries resulting from too narrow a passage space in the street. The driver of French's Ice Cream Company's vehicle was charged with anticipating such injuries and the fact that he could not or did not anticipate the particular way in which the injuries might occur, such as the unusual liability of injuries from racing cars, is immaterial in so far as liability is concerned. *Williams* v. *Grier,* 196 *Ga.* 327 (26 S. E. 2d 698).