39741.   MEDLIN v. BICKFORD et al.
39742.   BICKFORD v. MEDLIN et al.

DECIDED OCTOBER 25, 1962—REHEARING DENIED NOVEMBER 8, 1962.

860

*William J. Wiggins,* for plaintiff in error (Case No. 39741).

*Gilbert & Head, Aubrey W. Gilbert, Robert D. Tisinger,* contra.

*Gilbert & Head, Aubrey W. Gilbert,* for plaintiff in error (Case No. 39742).

*William J. Wiggins, Robert D. Tisinger,* contra.

HALL, Judge. 1. The petition stated a cause of action against the defendant Medlin. The plaintiff was among the persons to whom the alleged ordinances gave protection against the hazard of collisions between motorists coming from opposite directions and passing around illegally parked vehicles which obstruct traffic in the street; hence the defendant Medlin's violation of the alleged parking ordinances would be negligence per se as to the plaintiff. *Bozeman v. Blue's Truck Line, Inc.,* 62 Ga. App. 7, 9 (7 SE2d 412); *Landers v. French's Ice Cream Co.,* 98 Ga.

App. 317, 321 (106 SE2d 325). It is well settled that "One who himself violates a statute cannot rely upon the presumption that others . . . will not disobey the law." *Pfeifer v. Yellow Cab Co.*, 88 Ga. App. 221, 225 (76 SE2d 225). Whether the alleged negligence of the defendant Medlin caused, or contributed with negligence of another defendant to cause the plaintiff's injuries is a jury question. " 'If the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequence could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken, and the original wrongdoer is responsible for all of the consequences resulting from the intervening act.' " *Anderson-McGriff Co. v. Meisel*, 85 Ga. App. 58, 67-68 (68 SE2d 377); *Williams v. Grier*, 196 Ga. 327, 337 (26 SE2d 698); *Atlanta Gas Light Co. v. Mills*, 78 Ga. App. 690, 696 (51 SE2d 705). The case of *Southern Bell Tel. &c. Co. v. Spears*, 212 Ga. 537 (93 SE2d 659) is not applicable for the reason that the Supreme Court there held that the physical facts alleged affirmatively showed that the alleged negligent location of a telephone pole was not the proximate cause of the collision.

The trial court did not err in overruling the general demurrer of the defendant Medlin.

2. Where there is any evidence to support the verdict of a jury approved by the trial court, this court is without authority to reverse the judgment of the trial court denying the motion for new trial on the usual general grounds. *Grannemann v. Salley*, 95 Ga. App. 778, 781 (99 SE2d 338). In this case there was an evidentiary basis for the verdict against the defendant Medlin, and the trial court did not err in overruling the general grounds of her motion for new trial, in overruling the special ground of her motion for new trial complaining of the court's refusal to grant her motion for directed verdict, and in denying her motion for judgment notwithstanding the verdict. *Echols v. Thompson*, 211 Ga. 299 (85 SE2d 423). Since in considering the trial court's refusal to direct a verdict and to enter a judgment for the defendant notwithstanding the verdict this court has determined that the verdict was not contrary to

the evidence, we can not consider the special ground of the motion for new trial complaining of the denial of the defendant's motion for nonsuit. *Echols v. Thompson,* supra.

3. Since there will be a judgment of affirmance and the case will not be tried again, the cross-bill will not be considered. *Robinson v. Georgia Savings Bank &c. Co.,* 185 Ga. 688, 700 (196 SE 395); *Weatherly v. Parr,* 74 Ga. App. 526, 531 (40 SE2d 445).

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Felton, C. J., and Bell, J., concur.*