40416.   KENDRICK, by Next Friend v. MISS GEORGIA DAIRIES, INC. et al.

40417.   KENDRICK v. MISS GEORGIA DAIRIES, INC. et al.

DECIDED JANUARY 13, 1964—REHEARING DENIED FEBRUARY 25, 1964.

*Grubbs, Prosser & Burke, Jordan H. Prosser, J. M. Grubbs, Jr.,* for plaintiffs in error.

*Edwards, Bentley & Awtrey, Fred D. Bentley, Sr., A. Sidney Parker, Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr., Frank Love, Jr.,* contra.

FRANKUM, Judge.   One of these cases is a suit by a nine-year-old girl to recover for her personal injuries, and the other is a

suit by her father to recover for her medical expenses and the loss of her services. The defendants in each case are Miss Georgia Dairies, Inc. and Jessie Faye Neese. The trial court sustained the general demurrer of the defendant Miss Georgia Dairies, Inc. in each case, and the sole assignment of error in each is to that judgment. Insofar as the questions presented by the assignments of error are concerned, the facts alleged and the allegations of negligence charged against the defendant Miss Georgia Dairies, Inc. are identical in each case, and these assignments of error will therefore be treated together.

It is alleged in each petition that on August 27, 1962, at about 11:40 a.m., the driver of defendant's milk truck stopped the truck on Austell Road near Chamberlain Circle in Cobb County, across the street or roadway from the plaintiff's home; that said truck was so parked that its left-hand side was less than 12 feet from the center line of Austell Road and with the entire left-hand side of said milk truck extended into the eastbound lane of Austell Road, which lane was approximately 10 feet wide; that plaintiff, in company with her older cousin, went to the truck to make a purchase, and when the transaction had been completed or was about to be completed between the driver and plaintiff's cousin, that she began to return to her home, stepping across in front of the said milk truck and into the westbound lane of said Austell Road where she was struck by an automobile driven by the defendant Jessie Faye Neese which had careened around the truck while being operated at the rapid, excessive and unlawful rate of speed of 50 miles per hour. Each petition set forth the damages sustained by the plaintiff therein and alleged that the injuries and damages were caused by the concurrent and combined negligence of the defendants.

The defendant Miss Georgia Dairies, Inc. was alleged to have been negligent on the ground, among others, that its agent parked its truck within 12 feet of the center line of Austell Road, contrary to the laws of Georgia, so as to impede and block the eastbound traffic along said road and induce the same to swerve around the truck, the same being negligence per se. The defendant Jessie Faye Neese was alleged to have been negligent in driving her automobile at a speed that was greater than was

reasonable and prudent and in excess of 50 miles an hour in a residential area, contrary to the laws of Georgia, in failing to bring her vehicle to a stop to the rear of the defendant's truck, in pulling into the left lane or westbound lane without sounding her horn at a time when it could not be done without interference and with safety, contrary to the laws of Georgia, the same being negligence per se, in failing to heed the blinking rear lights of the defendant's truck, in failing to keep a proper lookout ahead so as to observe plaintiff crossing the road, and in driving her automobile along the road without having regard for the person of the plaintiff.

Except in plain, palpable and indisputable cases, questions of negligence, of cause and of proximate cause and of whose negligence or of what negligence constitutes the proximate cause of an injury are solely for the jury, and unless the allegations of the petition set up facts from which reasonable minds cannot differ so that it appears therefrom that the cause of the injury was something other than the negligence charged against the defendant they are sufficient to carry the case to the jury. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726). Such questions ought not to be decided on demurrer unless it is clear that no other result can logically be reached.

All that a petition needs to allege in order to withstand a general demurrer is facts raising a duty owing to the plaintiff by the defendant, a breach of that duty, and damages resulting therefrom. *Clarke County School Dist. v. Madden,* 99 Ga. App. 670 (1) (110 SE2d 47). Insofar as the defendant Miss Georgia Dairies, Inc. is concerned the petition clearly shows a duty owing to the plaintiff, a pedestrian on the road, and a violation of that duty in parking its vehicle within less than 12 feet of the center line of the road in violation of the provisions of State law. *Sprayberry v. Snow,* 190 Ga. 723 (1) (10 SE2d 179); *Landers v. French's Ice Cream Co.,* 98 Ga. App. 317 (106 SE2d 325, 74 ALR2d 1050). While the petition does not allege expressly that the defendant Miss Georgia Dairies, Inc. through its agent was negligent in parking its truck in violation of *Code Ann.* § 68-1670 (a) (15) (Ga. L. 1953, Nov. Sess., pp. 556, 599), and does not allege that the said Austell Road is a State-aid road within the

meaning of that statute, yet, since there is no other State law making it unlawful to park a motor vehicle within 12 feet of the center line of the road except that statute, and since that statute makes it unlawful to so do only on a State-aid road, we think that as against a general demurrer only this was equivalent to alleging that the defendant's agent and servant had violated that statute, and that Austell Road is a State-aid road. "It is true that a petition, when considered on general demurrer, must be construed most strongly against the pleader, and that in applying this rule the petition should be construed in the light of its omissions as well as its averments. *Toney v. Ledford,* 184 Ga. 856 (2) (193 SE 761); *Mackler v. Lahman,* 196 Ga. 535 (27 SE2d 35). But this does not mean that the petition must be given a strained construction, in violation of its reasonable and necessary intendment. *Krueger v. MacDougald,* 148 Ga. 429 (96 SE 867); *Georgia Power Co. v. Leonard,* 187 Ga. 608, 614 (4) (1 SE2d 579)." *Toler v. Goodin,* 200 Ga. 527, 534-535, (37 SE2d 609). See *New Cigar Co. v. Broken Spur, Inc.,* 103 Ga. App. 395 (119 SE2d 133). Any construction of the petition in this case other than the one we have given it would be strained. The petition therefore was not subject to general demurrer on the ground that it failed to show any duty owing to the plaintiff respecting the parking of the truck.

It is contended by the defendant in error that the petition was subject to general demurrer because no sufficient facts were alleged showing how the unlawful parking of the truck caused the plaintiff's injury. No question is presented in this court respecting any ruling on special demurrers. The petition clearly alleges how the injury occurred and alleges the negligence which the plaintiff charges against the defendant Miss Georgia Dairies, Inc., and expressly alleges that the injuries and damages sued for were caused by the negligence of the defendants which concurred and combined to proximately produce them. It has been held that in an action founded on negligence mere general averments of negligence are sufficient as against a general demurrer. *Trammell v. Columbus R. Co.,* 9 Ga. App. 98 (6) (70 SE 892); *Bass v. Southern Enterprises Inc.,* 32 Ga. App. 399 (1) (123 SE 753). In considering whether such allegations are sufficient,

it is proper for the court to consider the allegations of negligence in connection with the allegations of the petition descriptive of the circumstances attendant upon the plaintiffs' injuries. *O'Dell v. Wolcott,* 14 Ga. App. 536 (3) (81 SE 819). We cannot say that the petitions in these cases, when so considered, plainly, palpably and indisputably show that the plaintiffs' injuries and damages resulted solely from the negligence charged against the defendant Neese, or that the violation of the provisions of the Code respecting the parking of the truck was not a contributing proximate cause of the plaintiffs' injuries. These questions are solely for the jury to resolve. This case is controlled by the decision in *Landers v. French's Ice Cream Co.,* 98 Ga. App. 317, 321 (1), supra, and the cases cited as authority therein.

The trial court erred in sustaining the general demurrers and in dismissing the petitions as to the defendant Miss Georgia Dairies, Inc.

*Judgments reversed. Nichols, P. J., and Jordan, J., concur.*